

1  KIRELL TAYLOR CDC # T-35161
2  KERN VALLEY STATE PRISON
   3000 WEST CECIL AVENUE
3  DELANO, CA 93216
   C4-201 Low

ORIGINAL

LODGED
KERN. U.S. DISTRICT COURT
SEP 3 - 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV13- 6433   (R2)

9  KIRELL TAYLOR,
10      Plaintiff/Petitioner,
11  VS.
12  COURT REPORTERS BOARD
    OF CALIFORNIA,
13  VIRGINIA HEITZ, Court Reporter;
14  JACKIE LACEY, District Attorney,
15  JOHN A. CLARKE, Executive Officer/Clerk,
16      Defendant/Respondent.

RECEIVED
CLERK, U.S. DISTRICT COURT
AUG 28 2013
CENTRAL DISTRICT OF CALIFORNIA
BY

Case No. ____
PETITION FOR WRIT
OF CORAM VOBIS AND
VERIFIED ORIGINAL
COMPLAINT

42 U.S.C. § 1983
28 U.S.C. § 1331

JURY TRIAL DEMANDED:
YES.

PARTIES

1. Defendant COURT REPORTERS BOARD can be located at 2535
20  Capital Oaks Drive, Suite 230, Sacramento, CA 95833.

21  2. Defendant VIRGINIA HEITZ, can be located at III NORTH HILL
22  Street, 2nd Floor Room 234 Transcript Records, Los Angeles, CA 90012.

23  3. Defendant JACKIE LACEY, can be located at 210 WEST TEMPLE
24  Street #18-707, Los Angeles, CA 90012-3210.

25  4. Defendant JOHN A. CLARKE, can be located at III NORTH HILL
26  Street, Los Angeles, CA 90012.

27  5. This complaint, including attachments & exhibits, consist of 72 pages.

⊛
COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1 OF 26

# I. CAUSES OF ACTION

1st CAUSE OF ACTION : 42 U.S.C. Section 1983

2nd CAUSE OF ACTION: 42 U.S.C. Section 1985(3) & 1986.

3rd CAUSE OF ACTION : 28 U.S.C. Section 2201-2202

4th CAUSE OF ACTION : Cal. Code of Civil Procedure, Sec. 1060

5th CAUSE OF ACTION : Cal. Code of Civil Procedure, Sec. 1094.5

ANTOINE v. BYERS AND ANDERSON, INC. (1993) 508 U.S. 429, 436 ( Petitioner sued court reporter and court reporting service for failure to provide complete transcript of criminal proceeding which resulted in delay of appellate review for over 4 years. The supreme court, held that court reporters were not absolutely immune from damages liability for failure to produce a transcript of a federal criminal trial. ... Court reporters are not absolutely immune "because their duties are ministerial, not discretionary in nature." ); WILKINSON v. DOTSON (2005) 544 U.S. 74, 82 ( The Supreme Court has recently clarified the scope of the Preiser/ Heck rules by emphasizing that they apply only in cases where "success in the federal action would necessarily demonstrate the invalidity of confinement or its duration).

# II. JURISDICTION AND VENUE

1.      This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2201, including the California Code of Civil Procedure, Section 1060.

2.    The U.S. District Court For The Central District of California is the appropriate venue under 28 U.S.C. Section 1391 (b)(2), because

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1  it is where the events giving rise to these claims occurred. Additionally,

2  three of the four defendants reside and work within the jurisdictional

3  area of this Court.

## III. SUPPLEMENTAL JURISDICTION

5  Plaintiff invokes the Court's supplemental jurisdiction vested

6  in the above-entitled Court to rule on plaintiff's state-law causes of action

7  pursuant to California Code of Civil Proc, Sections 1060 and 1094.5 for a

8  Declaratory Judgment and Administrative Writ of Mandate. 28 U.S.C. § 1367(a).

## IV. EXHAUSTION OF LEGAL REMEDIES

10  Plaintiff has exhausted the available state and federal

11  judicial remedies as follows:

12  1. See attached Appendix hereto for denial Orders, that is, pages 1-18.

13  2. Application For Leave To File Second 28 U.S.C. 2254 Petition with the 9th CIR.

14  COURT OF APPEAL : KIRELL TAYLOR v. KIM HOLLAND. Case No.: 12-73200.

15  Filed on October 04, 2012.

16  3. Petition For Writ of Habeas Corpus under 28 U.S.C. 2241(d) with the U.S.

17  District Court For Central District of California: KIRELL TAYLOR v. M.D.

18  STAINER; Case No.: 1:12-cv-09087-MMM-(Rz). Notice of Appeal filed on 12/24/2012. 1/

## V. LEGAL CLAIMS AUTHORIZED

20  A willful and conscious disregard of an indigent Appellant's

21  rights to a free c o p y of a Reporter's Transcript for appellate review,

22  including religious and racial animus, has injured plaintiff, deprived

23  plaintiff of federal rights emanating from a denial of the right to petition

24  the courts for a redress of grievances; a denial of access to the courts;

25  cruel and unusal punishment on account of being indigent, in violation

26  of the First, Sixth, Eighth, and Fourteenth Amendments to the United

27  States Constitution.

3 of 26

1/ CV-03-6540-MMM(CT). Take Judicial Notice of Ground 2 of the
Petitioner's habeas petition (First Amended Pet. at 5, 13-17) and the Magistrate's
Report at pp. 14-18 hereto attached behind Appendix. Cf. to this complaint.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

## VI. CAPACITY

1
2 Natural defendants are being sued in their individual capacity
3 for monetary damages pursuant to 42 U.S.C. Section 1983 and the
4 COURT REPORTERS BOARD is being sued in its official capacity; injunction.

## VII. IMMUNITY

5
6     Pursuant to California Code of Civil Procedure, Sec. 820.21,
7 subdivision (a)(2)(3) "Notwithstanding any other provision of law, the
8 civil immunity of juvenile court social workers, child protection
9 workers, and OTHER PUBIC EMPLOYEES authorized to initiate
10 or conduct investigations or proceedings... shall <u>not</u> apply to any
11 of the following, if committed with malice : Failure to disclose
12 known exculpatory evidence [or] fabrication of evidence."

13     For over 13½ years defendants have maliciously carried
14 on with a "willful and conscious disregard" of the plaintiff's "rights"
15 to a free copy of a Reporter's Transcript dated August 27, 1999, as
16 set forth more fully hereinbelow.

## VIII. IMMINENT DANGER

17
18     I, plaintiff, am a "Negro" and a "U.S. citizen" by birth. I have
19 a damaged left lung due to a gunshot wound in May 1997. I am
20 in "imminent danger of serious physical injury" and/or death due to
21 being imprisoned amid a "lethal fungal infection known as Valley
22 Fever" and by inhaling the infected spores in the soil outside of my cell,
23 I may soon be prevented from litigating this action; provided, I am
24 not among the 3,000 inmates similarily situated that "the Court" has
25 ordered the Department of Corrections to transfer out of the Central
26 Valley of California as of June 26, 2013. See http://latino.foxnews.com/
27 health/2013/04/29/Valley-Fever-spurs-call-to-close-2-Calif...
Refer hereto behind the Addendum for the HEALTH CARE SERVICES REQUEST FORM.

                        4 of 26

# IX. MINISTERIAL DUTIES

1    At all times mentioned herein, defendants have been able to
2  adhere to and follow the mandate of law which governs the
3  within subject matter. Notwithstanding such ability and despite
4  plaintiff's demands as stated herein, defendants continue to
5  fail and/or refuses to order the relief plaintiff seeks.

6    Plaintiff is an individual beneficially interested in the
7  proceedings, and plaintiff/petitioner and defendants/respondents
8  are the parties who will be affected by this action.

9    Plaintiff has no plain, speedy, and adequate remedy in the
10  ordinary course of law than by this complaint in that there is
11  no other adequate procedure to require defendants to exercise
12  their duties governed by legal rules to do justice pursuant to their
13  oath of office & the mandate of law, & to the United States
14  constitution; or to otherwise entitle plaintiff to enjoy the
15  benefits sought through this complaint.

16    No other civil complaint under 42 U.S.C. Section 1983 has
17  been made by or on behalf of plaintiff relating to this action.
18  _SHAKUR MUHAMMAD v. MARK CLOSE_, (2004) 540 U.S. 749 at 752,
19  footnote 2, the Court held, "Members of the Court have expressed the
20  view that unavailability of habeas corpus for other reasons may
21  also dispense with the Heck v. Humphrey requirement. See Heck vs.
22  Humphrey, 512 U.S. 477 (1994) (Souter, J., concurring in judgment);
23  Spencer v. Kenna, 523 U.S. 1, 21-22 (1998) (Ginsburg, J., concurring)."

24    "We are also unpersuaded by the contention that our "functional
25  approach" to immunity...requires that absolute immunity be extended to court
26  reporters because they are "part of the judicial function"." Antoine 435, supra.

⊛
COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

## DECLARATION OF FACTUAL ALLEGATIONS BY KIRELL TAYLOR

### I, KIRELL TAYLOR, do declare:

1. On August 27, 1999, I was court ordered to be physically hogtied by Magistrate **LELAND B. HARRIS** whom presided as a Judge in Division 100 at the NORTHWEST DISTRICT VAN NUYS COURTHOUSE IN AND FOR THE COUNTY OF LOS ANGELES under criminal case Number LA 033959. The Sheriff deputies and detectives from LAPD restrained me after a physical altercation and hauled me into arraignment on August 27, 1999, on the charges of robbery, kidnapping and murder.

2. During arraignment I was appointed Public Defender **John Ponist**. Magistrate **LELAND HARRIS** inquired into whether I personally desired to waive my substantial rights to a speedy preliminary examination within 10-court days pursuant to Penal Code Section 859b. I elected to not waive my personal right to a speedy preliminary examination, and I elected to exercise my personal right to self-representation, however, without any cause shown whatsoever, the Magistrate denied my right to Self-representation without any explaination, and also denied my right to a speedy Preliminary examination without any explaination. My Pre-Lim was set 50 days beyond the 10-court day mandate.

3. I demand **John Ponist** to file a Petition For a Writ of **Mandate** to have my speedy Pre-Lim Examination conducted pursuant to Penal Code Section 871.6. He ignored my demand and I phoned him to make the same demand on 8/27 and 8/30/1999. My calls were not accepted.

4. On 9/9/1999 **John Ponist** recused himself from my case and I had no assistance of counsel to have the "COMPLAINT DISMISSED" for a period of six weeks as I set in-custody on trumped up charges.

5. On 10/27/1999 I was appointed both **HENRY HALL** and **LINDA WIEDER**

6 of 26



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1  from the Alternate Public Defenders Office. **Henry (Hank) Hall** did
2  promise me that if I allowed him to act as Lead attorney of
3  record, he would file a motion on November 29th, 1999, at the
4  preliminary examination to have the "complaint dismissed" for the
5  preliminary examination having been "set beyond 10 days" pursuant
6  to Section 859b of the California Penal Code. Neither public defender
7  filed or made an oral motion to have the complaint dismissed. On
8  November 30th, 1999, I was held to stand trial and neither public
9  defender filed or made an oral motion to have the felony complaint
10 "dismissed" under the legislative mandate delineated at Section
11 859b of the Penal Code.

12      6.  On December 15, 1999, I was arraigned for the second time
13 on an "Information" filed in the Superior Court of California under
14 the same criminal case number, i.e., LA033959.

15      7.  Lo and behold, on January 10th, 2000, public defenders
16 Henry Hall and Linda Wieder recused themselves from the case as
17 well. I desired to represent myself and act as attorney of
18 record to secure a copy of the Reporter's Transcript dated
19 August 27, 1999, to redress the denial of my substantial rights.

20      8.  On January 19, 2000, Judge **SANDY KRIEGLER** would
21 not obey the Federal and State Constitutions and denied my
22 right to Self-representation, unless my mother in the
23 audience felt such a legal move was in my best interest.
24 My mother told the judge to deny my request to act in
25 pro per. Hence, judge ~~SANDY KRIEGLER~~ had the gall to
26 honor my mother's request and denied my right to
27 Self-representation.

7 OF 26

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

9. On July 13, 2000, Judge **MICHELLE ROSENBLATT** honored my right to self-representation and I was granted the privilege to use the law library within the Los Angeles County Jail.

10. Upon receiving access to the Law Library I discovered there was, and still is 14 years later, a "non existent **statutory** remedy" to "set aside" or to cause a "felony complaint" to be "dismissed" for a violation of Penal Code Section 859b. This clear knowledge derived from reading the citation entitled S I M M O N S v. MUNICIPAL COURT (1980) 109 Cal. App. 3d 15, 20-25. Thus, although I was hell bent on having the "complaint" dismissed, I had to accept the legal fact that there is a huge distinction between the meanings of a "Complaint" and an "Information". I also had over 200 pounds of paperwork to wade through, however.

11. Singlehandily I acted with due diligence at all phases of each proceedings conducted as a young lad... and indigent. In the year 2006 I discovered there still wasn't a statutory remedy to rectify a violation of Section 859b of the Penal Code, when an individual in-custody has had his or her speedy preliminary examination set beyond 10-court days without good cause shown. The Supreme Court of California held, "[section 859b does] not contain any enforcement mechanism." People v. Standish 38 Cal. 4th 868.

12. In retrospect on May 2nd, 2001, I had my law library privileges and investigators paid at the State's expense revoked; due to false allegations of me having spat on Private Investigator **MARY (MAX) HADLEY.**

8 of 26


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

13. Private Investigator **MARY E. HADLEY** was paid at the **State's** expense and complained that she was not being "paid enough money to secure arraignment transcripts." The Investigator failed to effectively assist me in obtaining the Reporter's Transcript for arraignment, among failing to interview witnesses. Thus, an arguement ensued in the Attorney Room and she alleged I spat on her. I proceeded to fight with no help!

14. On September 6, 2001, Honorable **MICHAEL HOFF** denied my Motion for destruction of evidence under Trombetta/Youngblood. The People sought to proceed with Jury selection and I thereby made an objection in order to attempt to secure the Reporter's Transcript for arraignment on August 27, 1999. I wanted to research the denial of my speedy preliminary examination in detail and the denial of my Farretta right to self-representation. Before I could declare my intentions and reasons not to proceed in Jury selection, **Honorable HOFF** immediately rejected my objection. Jury selection began on September 6, 2001, and while acting as my own Attorney I conducted a two week jury trial and was sentenced to Life without the Possibility of Parole on Oct. 17, 2001.

15. I filed a **NOTICE OF APPEAL** and my appeal was assigned to the California Court of Appeal for The Second Appellate District, Division Four, Case No. B153903.

16. During Direct Appeal I was appointed Counsel at the State's expense. Counsel's name was **ATHENA SHUDDE.** I had written **ATHENA SHUDDE** many many **letters** and among my letters I demanded that **ATHENA SHUDDE** brief the issues of the denial of my speedy preliminary examination and the denial of

9 of 26



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1 my Faretta right to self-representation during arraignment

2 on August 27, 1999. ATHENA SHUDDE would not comply with my

3 demand to brief the foregoing issues and would not reply to my

4 correspondences. I filed a Motion in the Direct Appeal pro-

5 ceeding to dismiss ATHENA SHUDDE as Counsel and to conduct

6 Direct Appeal myself. The Court of Appeal informed me that I

7 could not conduct the Direct Appeal in Pro Per under California

8 law and that I could file a Petition For A Writ of Habeas Corpus

9 on the same case number, and the grounds raised would be duly

10 ruled on after an opinion is filed in the Direct Appeal.

11      17. I requested ATHENA SHUDDE to send me a copy of the

12 Reporter's Transcript to arraignment on August 27, 1999. I had

13 read in books that I must attach relevant records, transcripts

14 and instruments to a Habeas Corpus Petition in order to raise a

15 claim therein. ATHENA SHUDDE would not send me the Reporter's

16 Transcript dated August 27, 1999. Thus, I filed a Habeas Corpus

17 Petition during "Direct Appeal" and attached the relevant portion of

18 a Trial Transcript that I had in my possession relative to the

19 Islamic garments I wore in front of the jury before and after

20 the 9/11 terrorist attacks. Case No. B153903.

21      18. On August 29, 2002, the Judgment was Affirmed and there-

22 after the Habeas Corpus Petition was denied. See: 2002 Cal. App.

23 Unpublished LEXIS 8229. (B153903).

24      19. I declare that at all times relevant I have moved steadfastly

25 to acquire a copy of the Reporter's Transcript for arraignment to

26 enforce the denial of my substantial rights on August 27, 1999.

27 Hence the United States Supreme Court held in ENSTMINGER v. IOWA,



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

10 OF 26



1  386 U.S. 748 (1967) that counsel's **waiver** on Appeal of petitioner's

2  right to a full transcript rendered the subsequent judgments

3  against the petitioner unconstitutional.

4     20.  **ATHENA SHUDDE** eventually mailed me the Reporter's

5  Transcript and Clerk's Transcript on Direct Appeal. However,

6  after I signed the Mail Log an unknown Correctional Officer

7  and I got into a verbal confrontation between a locked cell that

8  I occupied. The officer trashed many volumes of the Record in

9  my face and **walked away** from the cell. The volumes I did receive

10  did not go back to arraignment dated August 27, 1998, when

11  my substantial rights were denied without any cause shown.

12     21.  I mailed the Court of Appeal a Motion to Produce a Copy

13  of the missing volumes of the RT on Direct Appeal. As of date,

14  14-years later, I never received any ruling on the Motion in-

15  to the missing volumes of the RT. It was mailed to the Court

16  around September/October 2002 for <u>Case No. B153903.</u> This incident

17  is not self-serving in light of the reasons set forth herein.

18     **22.**  I timely filed a **PETITION FOR REVIEW** in the California

19  Supreme Court which was denied. Then I filed a Habeas Corpus

20  Petition in the California Supreme Court to **exhaust** my remedies.

21  The Petition was denied in the year 2003. Thus, I exhausted

22  my state court remedies on claims that I had the Records to.

23     23.  I timely filed a Petition For A Writ of Habeas Corpus

24  in the federal action entitled **KIRELL FRANCIS TAYLOR VS.**

25  **CHERYL K. PLILER,** Warden, Case No. **CV-03-6540-MMM(CT),**

26  **United States District Court For The Central District of California.**

27  **During the Habeas Corpus proceeding I was forced against**

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1  my will to attend an Administrative Psychiatric Hearing and a

2  judge arrived at CALIFORNIA STATE PRISON-Sacramento and

3  ordered that heavy mental health medications be INVOLUNTARILY

4  administered to me. I was under heavy medications and sleeping

5  basically 24 hours a day for 6-months. The District Court Judge

6  denied my MOTION FOR APPOINTMENT OF COUNSEL around April

7  2004 even though the Motion was supported by the psychiatric

8  affidavits and documentation. I wanted to augment the

9  Record for a copy of the RT for arraignment dated August 27, 1999,

10  being that the Attorney General's Office was in possession of the

11  Reporter's Transcript on Direct Appeal; however, I could not

12  mentally fuction on a day to day basis. I was then stabbed and

13  attacked in July 2004 due to the fact John Walsh, host of,

14  America's Most Wanted, made false statements by having said

15  I snitched on a guy he aimed being captured on Mar. 20, 2004.

16      24. I have mailed various letters to the Clerk of the Superior

17  Court, County of Los Angeles, for a copy of the RT dated August

18  27, 1999. However, defendant has failed to respond in the years

19  2002 thru 2006, 2007 thru 2010. My Self-Addressed-$.40 Stamped-

20  Envelopes were not returned either.

21      25. I filed a Civil Complaint for slander and conspiracy

22  entitled KIRELL TAYLOR v. TWENTIETH CENTURY FOX FILM, &

23  SHELLIE SAMUELS, then Deputy District Attorney. See the civil

24  Complaint filed at the SUPERIOR COURT OF LOS ANGELES, Case No.

25  BC 422330, assigned to Honorable MICHAEL SOLNER, Department

26  39. The case was filed September 23, 2009, finally in the proper forum.

27      26. Among the causes of action alleged in the complaint against



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1  SHELLIE SAMUELS and JOHN WALSH, I stated, "On August 27, 1999,
2  defendant SAMUELS conspired with the Magistrate to breach the
3  terms of Penal Code section 859b to violate [My] speedy preliminary
4  trial over [My] objection and proceeded without jurisdiction.
5  Supplemental Attachment to Complaint, p. 1, paragraph 3." Honorable
6  Solner would not order a copy of the RT for arraignment dated
7  August 27, 1999, because the transcripts pertain to a "criminal
8  action." Thus, upon being informed by Counsel for SAMUELS that
9  her acts as a deputy district attorney while prosecuting my
10  criminal case (LA033959) were protected activity under Code of
11  Civil Procedure, section 425.16, I voluntarily dismissed the civil
12  action (without acquiring the Reporter's Transcript dated Aug. 27,
13  1999) on July 19, 2010. Did the RT even become part of the Record on Appeal?
14      27.   I decided to see if I could litigate a Habeas Corpus
15  Petition without the RT of the arraignment proceeding dated
16  August 27, 1999, to support the denial of my substantial rights
17  with News Paper Articles dated August 28, 1999. Thus, the
18  Superior Court, County of Los Angeles, filed a Habeas Corpus
19  Petition on May 28, 2010 and denied the same day by Honorable
20  MARTIN L. HERSCOVITZ, Case No. LA033959. At paragraph 20 of
21  the Attachment to the Petition I stated: "I was arraigned on
22  August 27, 1999, and I demanded a speedy preliminary hearing
23  and Judge LELAND HARRIS would not allow me to enjoy this
24  substantial right. When asked by Judge Leland Harris would I
25  like to waive my right to a speedy preliminary hearing, I instead
26  told the Magistrate "Let's dance." Your Honor, I do not have the
27  transcript to the hearing and they are not difficult for this court

1  to acquire..." Honorable Herscovitz denied the issuance of a writ
2  of habeas corpus because I failed to make a prima facie
3  case under PEOPLE V. DUVALL (1995) 9 Cal. 4th 464. It is impossible
4  to make a prima facie case under Duvall without defendant Heitz's
5  "transcript." Hence, I filed a NOTICE OF APPEAL on the
6  Habeas Corpus denial and the Record was transferred in a
7  Clerk's Transcript to the Count of Appeal of the State of
8  California, Second Appellate District, Division Four, Case No.
9  B225 883. Subsequently the Appeal was "dismissed" on procedural grounds.
10     28.  I filed a "Petition For Writ of Mandamus and Application To
11  Vacate Void Orders/Judgment" on September 20, 2010, with Honorable
12  Herscovitz. (Case No. LA033959). The Petition attempted to litigate
13  the denial of my substantial rights on August 27, 1999, without having
14  a copy of the Reporter's Transcript. The Court denied the Petition.
15     29.  During the appeal proceeding on the Habeas Corpus denial,
16  (See: APPENDIX attached B225883) the Court appointed BARBARA A.
17  SMITH to represent my interest in the matter. After I have been
18  off of mental health medication and no longer suffering from a
19  "severe mental disorder" as defined at Penal Code section 2962, I
20  have been able to assist myself and counsel with an effective
21  approach into the foregoing issues relative to the State's
22  failure to provide me with a free copy of the RT for August
23  27, 1999. From day one I have vigorously sought the Reporter's Transcript.
24     30.  On January 27, 2011, Attorney BARBARA A. SMITH told
25  me that, "short of having an Reporter's Transcript prepared
26  for the arraignment (WHICH IS NOT A NORMAL PART OF THE
27  RECORD ON AN APPEAL), you can ask for judicial notice of the

14 OF 26



1 docket of arraignment." See behind the **Cover marked Exhibit**

2 **"A"** a copy of Counsel's letter to me attached hereto. See page II

3    31. In light of the good News and information from attorney

4 **BARBARA A. SMITH**, it is clear that I have spent several years

5 chasing a phantom by way of the Initial arraignment Reporter's

6 **Transcripts not** being part of the record prepared for Direct

7 Appeal in 2002 on Case Number B153903.

8    **32.** California Rules of Court, Rule 31 (now 8.320(c)) provides in

9 relevant part that the "**Normal Record**" on appeal "**must contain:**

10 **(1) The oral proceedings on the entry of ANY plea other than a**

11 **not guilty plea**" (Subdivision (c) amended effective Jan. 1, 2007.).

12 I pleaded "Not Guilty" to the counts of the "Felony Complaint" on

13 August 27, 1999. Nevertheless, the defendants have maliciously neglected

14 my ongoing request to prepare a Reporter's Transcript "on the

15 entry of" my plea while being fully aware of the fact that I did

16 make an oral motion on August 27, 1999, to exercise my Faretta

17 right to self-representation AFTER a "NOT GUILTY PLEA" was

18 entered in the Reporter's Transcript. Therefore, pursuant to the

19 Rules of Court, Rule 8.320 (c)(9)(A): "The Reporter's Transcript must

20 contain: if the appellant is the defendant: The oral proceedings

21 on any defense motion denied in whole or in part."

22    33. I haven't received a copy of the Reporter's Transcript

23 to the arraignment hearing dated August 27, 1999, wherein my

24 substantial rights were denied "in whole" relative to my speedy

25 preliminary examination and Faretta Right as articulated in

26 public News papers, but fraudulently Not reflected in defendant John Clarke's

27 docket for the date of August 27, 1999. (Case No. LA033959).



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

15 OF 26.

34. The Court has held that the Reporter's Transcript is the determinative and dispositive factor to resolve a claim and, I declare that if I do receive a free copy (since I am indigent as of date), I will be in a position to contradict John A. Clarke's docket. See In Re Birch (Cal. 1973) 10 Cal. 3d 314, 317.

35. The Court of Appeal in Case Number B225883 where attorney BARBARA A. SMITH was appointed "dismissed the appeal" I filed because only "The People" have a right to file an APPEAL after the GRANT of a habeas corpus to a defendant. The Court of Appeal filed the "dismissal" of the appeal on March 21, 2011. However, the Court of Appeal's dismissal was fraught with misinformation by virtue of saying at page 3: "On January 28, 2011, appellant filed a request to have appointed counsel augment the record with the transcripts of the August 27, 1999 PRELIMINARY HEARING." At page 4 the Court mistakenly cited: "Even if we were to deem the [HERSCOVITZ] orders appealable, appellant's habeas petition raised issues regarding his PRELIMINARY HEARING. ... Moreover, we note that the PRELIMINARY HEARING appellant challenges was held on August 27, 1999." To the contrary, my Arraignment whereby my substantial rights were denied and steam-rolled-over was held on August 27, 1999. My "preliminary hearing" was unlawfully set beyond the jurisdictional 10-court day rule and the aforesaid PRELIMINARY HEARING was held on NOVEMBER 29th, 1999. I am being prejudiced by due process violations & denied equal protection of the laws.

36. I have not complained of issues in the Preliminary Examination on November 29, 1999. I have been petitioning



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1 about a lack of the Reporter's Transcript to arraignment on

2 August 27, 1999, which "preceded" my preliminary examination.

3    **37.** On March 23, 2011, JOHN A. CLARKE, Clerk of the

4 Superior Court, finally answered one of my letters **for a copy**

5 of the RT dated August 27, 1999, on Case No. LA033959. The

6 Clerk failed to go to the Superior Court File to obtain a simple

7 copy of the Reporter's Transcript dated Aug. 27, 1999 & was filed

8 with the Superior Court on August 30th, 1999. The defendant

9 on March 23, 2011, instructed me to contact the Court Reporters

10 Office. See behind the Cover sheet marked Exhibit "B" for a

11 copy of the Court Clerk's letter hereby attached. See page IV

12    **38.** The **Court of Appeal** For The State of California has

13 held at In Re Armstrong (Cal. App. 1 Dist. 1981), 126 CA 3d 565, at

14 570, "It is now settled law that the State must allow access by an

15 appealing defendant in a criminal case, to "a record of

16 sufficient completeness" to permit proper consideration of **his**

17 appeal." However, for the State Not to include a defendant's

18 "Not Guilty" plea at his or her First initial Arraignment, within the

19 "Normal record on appeal", is a lack of "a record of sufficient

20 completeness" and clearly a "Miscarriage of Justice."

21    **39.** On September 11, 2011, I mailed a **PETITION FOR**

22 **DISCOVERY** to Deputy District Atty. ALAN YOKELSON of the Los Angeles

23 County. I sought "POST CONVICTION DISCOVERY MATERIALS"

24 pursuant to Penal Code section 1054.9(a), for inmates serving

25 "life without the possibility of parole" and seeking materials that

26 the same defendant would have been entitled to at the time

27 of trial." Specifically I have asked at Item 6 of the Petition



1 to "Produce for the first time since August 27, 1999, a true and
2 correct copy of the Reporter's Transcript to the defendant's
3 arraignment wherein he did not personally waive his right to
4 a speedy preliminary examination and have been prevented
5 from litigating the violation of Penal Code section 859b for
6 over 12-years due to a lack of the Reporter's Transcript that
7 is not made part of the normal record on appeal." Defendant
8 District Attorney failed to respond to the Petition. See behind
9 the Cover sheet marked  Exhibit "C" for a copy of the Petition For
10 Discovery hereby attached. Minute Orders at Exhibit "D" pp. IX-XIX

11   40. The U.S. Supreme Court has made it clear that "Our decisions
12 for more than a decade now have made clear that differences in
13 access to the instruments needed to vindicate legal rights, when
14 based on the financial situation of the defendant, are repugnant
15 to the constitution." See Roberts v. LaVallee (1967 U.S.N.Y.) 389 U.S. 40, 42.

16   41. On January 9, 2012, I filed one more  habeas corpus
17 petition in the Superior Court of Los Angeles County, Case Number
18 LA033959. The petition was denied by PATRICIA M. SCHNEGG.
19 The Court erroneously held on February 3, 2012, that "[I] [am]
20 Not entitled to free copies of the August 27, 1999 transcript . . .
21 because it appears that the petitioner has lost his copy of the
22 transcript from that proceeding." See: APPENDIX attached hereto, p. 8.

23   42.  God, Almighty, is my Witness that i have never read or held
24 a copy of the Reporter's Transcript in question dated August
25 27, 1999. And since the Reporter's Transcript dated August 27, 1999,
26 was not part of the "Normal Record on Appeal;" it is no way I duly
27 could have raised a denial of my substantial rights affecting my liberty.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

43. The record attached to this declaration is sparse due to the fact my former Agent **LORI ANN WILLIAMS** has refuse to return my personal property to me. Therefore, I had to sue my mother and **LORI ANN WILLIAMS** for my legal books and documents to be returned to me, particularily all of the letters I have written to the Court Reporter, Court Reporter's Office, Judges and court clerks for a copy of the Reporter's Transcript dated 8/27/1999. Take Judicial Notice of the **SMALL CLAIMS SUBPOENA** for the production of documents at page 2 Item (a) in the matter of **KIRELL TAYLOR vs. LORI ANN WILLIAMS** and **JANICE TAYLOR** under Case Number 12W02355 filed on June 06, 2012 - **NORTH VALLEY DISTRICT COURTHOUSE 9425 PENFIELD AVE, CHATSWORTH, CA 91311,** Superior Court, Los Angeles County, Small Claims Division. I am still trying to re-sue **LORI WILLIAMS** to obtain about a dozen letters I have written to defendant **HEITZ** beginning in 2001 during pre-trial.
**DEFENDANTS MALICE IS CARRIED ON**
**TO PREVENT PLAINTIFF FROM OBTAINING THE TRANSCRIPT TO**
**LITIGATE THE DENIAL OF THE FOLLOWING RIGHTS BARRED BY HECK**

1. The prevention of litigating my rights has been due to the unavailability of the Reporter's Transcript dated August 27th, 1999 by Heitz.

2. The Reporter's Transcript will reveal the denial of my Faretta right as reflected within the Daily News Article dated Aug. 28th, 1999, hereby attached behind Exhibit "E" on pages **XXI to XXII**

3. Reversible error per se should be applied. See People v. Joseph (1983) 34 C.3d 936

4. In People v. Kowalski (1987) 196 Cal. App. 3d 174 at 179, the Court held "We therefore hold that when a defendant asserts both his right to a preliminary hearing within 10 days and his right to [self-representation], the constitutional right must prevail. *** As an extreme example, a defendant in custody could wait until the 10th day to make a motion

19 of 26.

1  for self-representation, leaving the court without adequate time

2  to conduct a [psychiatric] hearing and make a ruling on the

3  Faretta motion. *** Penal Code section 859b must therefore be

4  subordinated to the constitutional right of self-representation." Id.

5  **5.** In Faretta v. California (1975) 422 u.s.@807, the High Court stated, "a

6  defendant in a state criminal trial has a constitutional right to

7  proceed without counsel when he voluntarily and intelligently elects

8  to do so. Stated another way, ... a state may not constitutionally hale

9  a person into its criminal courts and then force a lawyer upon

10  him, ...when he insists that he wants to conduct his own defense."

11  This is percisely what the State court did to petitioner during

12  arraignment on August 27, 1999, and again on January 19, 2000 and

13  March 01, 2000. See Exhibit "D" at pages XVII-XIX here attached.

14  **6.**    Petitioner voluntarily and intelligently endeavored to waive

15  his right to counsel during arraignment, and, after he was unlawfully

16  committed to the Superior Court. The disadvantaged petitioner has

17  No remedy to right the wrong inflicted upon him.

18

19  **7.**     In 2005 the Appellate Court held, "We note that [Moon's]

20  request came during the direct examination of the first witness

21  at the preliminary hearing. Short of raising the (Faretta) right

22  at arraignment [as Petitioner herein did], which no case has

23  ever required, it would be difficult to assert one's Faretta

24  right much earlier. Having determined Moon's Faretta request

25  was both timely and unequivocal, we conclude the magistrate

26  erred in denying it. This resulted in a violation of Moon's

27  constitutional right of self-representation. Like a total

20 of 26

1  deprivation of the right to counsel, an infringement of the
2  right of self-representation is considered a 'structural error'
3  that defies the harmless-error analysis. *** Faretta and its
4  progeny make clear that the right of self-representation...is
5  one of the few rights that compel automatic reversal when
6  transgressed. Given this, we believe the right of self-
7  representation qualifies as a "substantial right" for
8  purposes of this case. It follows that because the magistrate
9  violated Moon's constitutional right of self-representation, his
10 COMMITMENT WAS UNLAWFUL." Moon v. Superior Court (2005) 134
11 Cal. App. 4th 1521, at 1531, 1533, 1535.

12  8.     For the reasons articulated above, defendants will not let me
13 redress    the deprivation of "an infringement of [my] right of
14 self-representation" during "Arraignment" on August 27, 1999,

15      PETITION FOR WRIT OF ERROR CORAM VOBIS.
16   IS RELIEF BARRED BY HECK v. HUMPHREY 512 US 477 ?
     PLAINTIFF HAS BEEN BARRED FROM HABEAS RELIEF TO RAISE A
17   DENIAL OF PRELIMINARY EXAMINATION WITHIN 10 DAYS.

18  9.  Petitioner was arraigned by the trial court on August
19 27, 1999, and, although the Minute order of the court states
20 "waives statutory time," petitioner did not "personally waive" the
21 statutory and jurisdictional time limitations to enjoy a right
22 to a preliminary examination within 10 court days.

23  10.     . Petitioner was denied a right to self-representation
24 during arraignment & had demand the appointed Public Defender,
25 John Ponist, to file a petition for a writ of mandate or prohibition
26 for setting the preliminary examination beyond the 10 day period
27 without good cause having been shown. John Ponist, declared a



21 OF 26

1  conflict of interest 13 days after arraignment due to Petitioner

2  pressing him to file a Petition pursuant to Penal Code, Section

3  871.6, which provides in relevant part :

4       "If in a Felony case the magistrate

5       Sets the preliminary hearing beyond

6       the time specified in section 859b,

7       in violation of § 859b, ...the defendant

8       may file a petition for writ of

9       mandate or prohibition in the Superior

10      court seeking immediate appellate

11      review of the ruling setting the hearing.

12      *** The failure of the Court of Appeal

13      to stay or recall the issuance of

14      the writ and remittitur shall not

15      deprive the parties of any right

16      they would otherwise have to

17      appellate review or extraordinary relief."

18 11.   Linda Wieder and Henry Hall, Alternate Public Defenders,

19 promised petitioner that a motion or petition would be filed

20 before the preliminary examination or during the preliminary

21 examination, to have the complaint dismissed for a violation

22 of Pen. Code, sec. 859b. Each Public Defender mislead and lied to

23 Petitioner, and left petitioner with no remedy to have the complaint

24 dismissed and petitioner released from Jail. "It is true that a defendant

25 does not have a right formally to make a Motion before a Magistrate

26 to dismiss a complaint in furtherance of justice under sec. 1385."

27 PEOPLE v. KONOW (Cal. 2004) 32 Cal. 4th 995, 1022.



12.   It appears defendants have caused and/or defendants' deputies have caused the "fabrication" of the Minute Order on the docket dated August 27, 1999, to intentionally omit the fact that my oral motions were "denied in whole" with respect to my personal right to a speedy preliminary examination and right to self-representation.

13.   It appears defendants conduct was intended, and/or defendants' deputies conduct was intended, to cause me to sustain a prolonged period of incarceration "beyond" jurisdictional statutory 10 court day rules.

14.   It appears defendants willful and conscious disregard of my rights to the August 27th, 1999, Reporter's Transcript has been despicably declined, refused, and neglected for 14-years because the defendants have known that the exculpatory evidence propounded within the four corners of the transcript provides, "In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days." (Stats. 1977, ch. 1152, Section 1, p. 3755.) See Serrato vs. Superior Court, (1978) 76 Cal. App. 3d 459 at 470 (FN 4.)

15.   It appears defendants carried on with their despicable conduct in light of the 2006 opinion held by the California Supreme Court by virtue of holding, "Our decision in People v. Pompa-Ortiz must not be read overbroadly. That case did NOT establish that ANY AND ALL irregularities that PRECEDE or bear some relationship to the preliminary examination require that the information be set aside pursuant to Penal Code section 995." People v. Standish (Cal. 2006) 38 Cal. 4th 858 at 885, 868.

16   It appears in light of the foregoing statutory and decisional provisions, the defendants continue to withhold the Reporter's Transcript dated August 27, 1999, in lieu of forwarding me a free copy based on me being "muslim" & on account of being a "poor nigger."

17.   Defendant **COURT REPORTERS BOARD** on May 17, 2013, provided me with the following written response: "Dear Mr. Taylor, Thank you for your letter of May 8, 2013, wherein you requested a transcript of your hearings in the matter of People vs. Kirell Taylor (LA033959). ...We administer the Transcript Reimbursement Fund which reimburses CSRs for providing transcripts to indigent civil litigants. PLEASE NOTE, HOWEVER, CRIMINAL MATTERS ARE NOT ELIGIBLE UNDER THE FUND. To obtain the transcripts in your hearing, please contact the court in which your matter was heard." Such response constitutes a civil conspiracy vs. me.

18.   I had informed the defendant BOARD, "Dear Staff Representatives: For almost 14-years I have been trying to get a free copy of a RT that proves my case was suppose to be DISMISSED. Why? Because I did not personally waive my RIGHT to a speedy pre-lim examination in 10-days pursuant to Pen. Code Section 859b. The judge also DENIED my right to self-representation during the arraignment hearing on 8/27/1999. I have a news paper article that proves I am not delusional about what I say to lawyers and mental health doctors." A copy of the BOARD's letter and a copy of my letter to the Board is hereto attached behind Exhibit "F" at pages XXIII to XXVI.

//

//

# PRAYER FOR RELIEF

WHEREFORE, I, KIRELL TAYLOR, pray for following relief I am entitled to:

1. GRANT plaintiff's "Undertaking and Request to Take Judicial Notice of Undertaking In Lieu of Proceeding In Forma Pauperis" concurrently filed herewith pursuant to 31 U.S.C. Section 5118(d).

2. Award a money judgment rendered against VIRGINIA HEITZ for punitive damages in the amount of $5,000,000.00 in her individual capacity pursuant to 42 U.S.C. Section 1983.

3. Award a money judgment rendered against JACKIE LACEY for punitive damages in the amount of $5,000,000.00 in her individual capacity pursuant to 42 U.S.C. Section 1983.

4. Award a money judgment rendered against JOHN A. CLARKE for punitive damages in the amount of $10,000,000.00 in his individual capacity pursuant to 42 U.S.C. Section 1983.

5. Issue a permanent injunction enjoining the COURT REPORTERS BOARD to implement or cause to be implemented, provisions for the Transcript Reimbursement Fund to forthwith become eligible for indigent litigants in criminal actions and post-conviction relief consistent with federal laws and the United States Constitution.

6. Issue a peremptory writ of mandate enjoining defendants to produce a copy of the "Normal Record on Appeal" in Case Number B153903 from the Second District Court of Appeals, including from CV-03-06540-MMM at the U.S. District Court For The Central District of California to cause the inspection thereof for the Jury/Court to affirm or FIND defendants have not caused a true and correct copy of the RT dated 08/27/1999 to be furnished to plaintiff.

7. Issue a peremptory writ of mandate enjoining the defendants, defendants officers and dupties, and all persons taking orders from defendant(s), to furnish a certified true and correct free copy of the Reporter's Transcript dated August 27, 1999, and to cause the same to exactly conform to the Reporter's Transcript dated 08/27/1999 and filed on 8/30/1999 by defendant Heitz in the Court file in the matter of THE PEOPLE v. KIRELL TAYLOR, Case Number LA033959.

8. Upon plaintiff being furnished a certified copy of the Reporter's Transcript dated August 27, 1999, declare without invalidating the Plaintiff's conviction the duties the Courts owe to Plaintiff In re: the denial of his right to a speedy preliminary examination trial pursuant to Penal Code, Section 859b and the denial of plaintiff's right to self-representation. Such judgment would NOT invalidate plaintiff's conviction.

9. Award plaintiff attorney fees and costs under 42 U.S.C. § 1988.

10. Order defendants to pay the Court filing fees and costs incurred by plaintiff in this action, including fees and costs for an Appeal, in the event plaintiff is compelled to take an appeal.

11. Order any other writ the Court deems appropriate, proper, fair and just in the interest of justice under Rule 60(b)(4)&(6), FRCP.

## VERIFICATION

I declare under penalty of perjury under laws of the State of California that the foregoing declaration is true, correct and complete, and as to matters stated on information and belief, I believe those matters to be true according to Code of Civil Procedure, Section 446 (a).

County of Kern.

DATED: July 4th, 2013.

Respectfully Submitted,

*Kirell Taylor*

KIRELL TAYLOR, Declarant

26 OF 26

# EXHIBIT "A"

## Page: 1

Letter by BARBARA A. SMITH, Attorney

I.

**Law Offices of Barbara A. Smith**
**PO Box 25**
**Spring Valley, CA 91976-0025**
**(619) 670-0675**

January 27, 2011

Mr. Kirell Taylor, T-35161
CCI, 4B-5A-108Low
P. O. Box 1906
Tehachapi, CA 93581

Dear Mr. Taylor:

    I cannot file an augment request, because it has to go to issues I can tell the Court I am assessing for briefing. You however can ask for augmentation in support of your briefing. Also, short of having an RT prepared for the arraignment (which is not a normal part of the record on an appeal), you can ask for judicial notice of the docket of arraignment, which may contain the information you seek. A docket is a form the court clerk fills in for each hearing, checking off advice of rights at a given hearing, etc. It will also list the judge and counsel for each party. Courts can judicially notice Superior Court files under various portions of Evidence Code section 452. That is the best suggestion I can give you, and I am sorry I cannot accommodate your request.

                                        Sincerely,

                                        *Barbara C. Smith*

                                        Barbara A. Smith
                                        Attorney at Law

II.

# EXHIBIT "B"

Pages: _1_.

Letter By Superior Court Clerk JOHN A. CLARKE

III.



JOHN A. CLARKE
EXECUTIVE OFFICER / CLERK
14400 Erwin St. Mall
Van Nuys, Ca. 91401

## Superior Court of California
### County of Los Angeles

DATE:  __March 23, 2011__

CASE NO.:  __LA033959-01__

DEFENDANTS NAME:  Kirell Taylor    dob:  09/21/75

Your request for documents or information pertaining to the above case(s) cannot be completed due to one or more of the following reasons:

_____  Full name of defendant and/or date of birth is needed.

_____  Case number, violation date or violation charge is needed.

_____  Fee required (.50 cents per page) or ($25.00 for certification) is needed.

_____  Case is currently out of file.

_____  Incorrect Court or Agency; Correct Court or Agency is _____

_____  Misdemeanor case files are destroyed after (7) seven years, pursuant to section 71008 of the Government Code.

_____  After a thorough search of our record storage area and our microfiche indexing, no record(s) was found.

__XXXX__  **Other:**  Please forward all requests for transcripts to: **Court Reporter's Office, 111 N. Hill Street, 2nd Floor Room 234 Transcript Records, Los Angeles, Ca. 90012** or contact  (213) 974-6174 or (213) 974-2873. Always include court reporter's name, date of hearing, case number and defendant's name.

This is to certify that the record(s) requested were not located for reasons state above.

Court Services Assistant II
Fatima Salcedo

I.V.

# E X H I B I T "C"

## Pages: 3.

Petition For Discovery Materials

V.

KIRELL TAYLOR, CDC # T-35161
CALIFORNIA CORRECTIONAL INSTITUTION
P.O. BOX 1906
TEHACHAPI, CA 93581
4B-5A-207Low

SEPTEMBER 11th, 2011

ALAN YOKELSON, District Attorney          Officials Bond: $50,000.00
DISTRICT ATTORNEY'S OFFICE
6230 SYLMAR AVE., ROOM 201               PETITION FOR DISCOVERY
VAN NUYS, CA 91401

Re:   DISCOVERY REQUEST PURSUANT TO PENAL CODE SECTION
      1054.9(a) - POSTCONVICTION DISCOVERY; CCP, sec. 206(g)

      I, KIRELL TAYLOR, do hereby declare:
Subject: PEOPLE v. KIRELL FRANCIS TAYLOR, LOS ANGELES COUNTY
         SUPERIOR COURT CASE No.: LA033959, Filed Aug. 20, 1999.
Dear Alan Yokelson:
   I write in response to my term of imprisonment for "life without
the possibility of parole" imposed on or about October 17, 2001, in
the above-referenced matter;

      Pursuant to Penal Code, section 684 "A criminal action is
prosecuted in the name of the people of the State of California, as
a party, against the person charged with the offense;"

      Pursuant to Penal Code, section 1054.9(b), "discovery materials"
upon the initiation of a postconviction writ of habeas corpus
or a motion to vacate judgment "means materials in the possession
of the prosecution and law enforcement authorities to which the
same defendant would have been entitled to at the time of trial;"

      In order to ensure that I have not been deprived of my
right to fair trial by "impartial" jurors, I am informally once and for
all concerned, requesting the production of the following documents
from your Office, the Attorney General's Office and the Los Angeles
Police Department:
1. PRODUCE THE ACTUAL CERTIFIED COPY AND VERIFIABLE, WRITTEN,
POWERS OF ATTORNEY AUTHORIZING THE DISTRICT ATTORNEY
OF LOS ANGELES COUNTY AND HIS DEPUTY, INCLUDING THE
                    VI.      1 OF 3

ATTORNEY GENERAL OF CALIFORNIA, to represent EACH OF ALL of the People of the State of California in the District Attorney's and/or in the Attorney General's Mass-Criminal Action Law Suit referenced above, thereby having placed the Jurors in a Principal and Agent relation;

2. Produce each actual and verifiable, written complaints that communicates I, KIRELL FRANCIS TAYLOR, had injured EACH OF ALL of the People of the State of California, otherwise there should not have been a Cause of Action Filed on Aug. 20, 1999, in the above matter;

3. Produce Actual and Verified Complaints made by EACH OF ALL OF the People of the State of California against KIRELL FRANCIS TAYLOR;

4. Produce ANY AND ALL records, reports, and statements From EACH OF ALL of the People of the State of California giving their individual request to be legally and lawfully represented by the District Attorney or Attorney General in the Municipal Court and the Superior Court of California, County of Los Angeles, For the years 1999, 2000 and 2001, in a criminal action For a misdemeanor or Felony charge committed by any person within said jurisdiction;

5. Upon information and belief, jurors in the above referenced Mass-Criminal Action provided the District Attorney of Los Angeles County with their individual Power of Attorney before being sworn into the jury panel. Please produce a certified copy of Jurors Powers of Attorney provided to the jury commissioner that specified the Jurors desired the District Attorney to represent EACH of ALL of the Jurors "interest" in the above-entitled cause. Hence, the jurors became the "Real Parties OF Interest" to the outcome of the trial in lieu of "an impartial jury of the State" outlined in the 6th Amendment of the U.S. Const.;

★ 6. Produce For the First time since Aug. 27, 1999, a true and correct copy of the Reporter's Transcript to the defendant's ARRAIGNMENT wherein he did not personally waive his right to a speedy preliminary examination & have been prevented From litigating the violation of P.C., sec. 859b FOR over 12-years due to a lack of the RT, that is Not made part of the normal record on Appeal.

Please produce the records within 15 days and reFer to my indigent status within my attached Inmate Trust Statement dated 8/25/2011.

I declare under penalty of perjury that the Foregoing is true and correct.

Dated: September 16, 2011

VII. 2 OF 3

KIRELL TAYLOR, Defendant.

# CERTIFICATE OF SERVICE

People v. Taylor
Case No. LA033959

The undersigned party declares that a copy for

**PETITION FOR DISCOVERY** was mailed today to

the following party and address:

> ALAN YOKELSON
> DISTRICT ATTORNEY'S OFFICE
> 6230 SYLMAR AVE., Room 201
> VAN NUYS, CA 91401

I declare under penalty of perjury that the above is true and correct

Dated: 9/12/2011

Kirell Taylor

KIRELL TAYLOR, T-35161
P.O. BOX 1906
TEHACHAPI, CA 93581
CCI - 4B-5A-207Low

# VIII.

3 OF 3

# EXHIBIT "D"

## Pages: <u>11</u>

### MINUTES OF SUPERIOR COURT

IX.

IN THE MUNICIPAL COURT OF VAN NUYS COURTHOUSE JUDICIAL DISTRICT,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
PAGE NO. 1
NO. LA033959
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.    CURRENT DATE 02/23/11
DEFENDANT 01:  KIRELL FRANCIS TAYLOR
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - WEST VALLEY AREA

BAIL:  APPEARANCE   AMOUNT    DATE    RECEIPT OR   SURETY COMPANY   REGISTER
         DATE       OF BAIL   POSTED  BOND NO.                     NUMBER

CASE FILED ON 08/20/99.
  COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 02/08/99 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
    COUNT 01: 187(A) PC FEL
    COUNT 02: 209(B)(1) PC FEL
    COUNT 03: 209.5(A) PC FEL
    COUNT 04: 211 PC FEL
    COUNT 05: 459 PC FEL
    COUNT 06: 215(A) PC FEL
    COUNT 07: 2800.3 VC FEL

    COUNT 08: 215(A) PC FEL
    COUNT 09: 211 PC FEL
ALLEGED PRIOR CONVICTION ON COUNT 01 FOR 211 PC ON 06/01/93 IN JUDICIAL
    DISTRICT UNDER CASE NUMBER .
ALLEGED PRIOR CONVICTION ON COUNT 02 FOR 211 PC ON 06/01/93 IN JUDICIAL
    DISTRICT UNDER CASE NUMBER .
ALLEGED PRIOR CONVICTION ON COUNT 03 FOR 211 PC ON 06/01/93 IN JUDICIAL
    DISTRICT UNDER CASE NUMBER .
ALLEGED PRIOR CONVICTION ON COUNT 04 FOR 211 PC ON 06/01/93 IN JUDICIAL
    DISTRICT UNDER CASE NUMBER .
ALLEGED PRIOR CONVICTION ON COUNT 05 FOR 211 PC ON 06/01/93 IN JUDICIAL
    DISTRICT UNDER CASE NUMBER .
ALLEGED PRIOR CONVICTION ON COUNT 06 FOR 211 PC ON 06/01/93 IN JUDICIAL
    DISTRICT UNDER CASE NUMBER .
ALLEGED PRIOR CONVICTION ON COUNT 07 FOR 211 PC ON 06/01/93 IN JUDICIAL
    DISTRICT UNDER CASE NUMBER .
ALLEGED PRIOR CONVICTION ON COUNT 08 FOR 211 PC ON 06/01/93 IN JUDICIAL
    DISTRICT UNDER CASE NUMBER .
ALLEGED PRIOR CONVICTION ON COUNT 09 FOR 211 PC ON 06/01/93 IN JUDICIAL
    DISTRICT UNDER CASE NUMBER .
NEXT SCHEDULED EVENT:

  08/20/99  830 AM  ARRAIGNMENT   DIST VAN NUYS COURTHOUSE DIV 100


ON 08/20/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  100

CASE CALLED FOR ARRAIGNMENT
PARTIES: LELAND B. HARRIS (JUDGE)  GENE BROWNE  (CLERK)
              JOHN N. RILEY  (REP)     SHELLIE SAMUELS  (DA)
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  JONATHAN PETRAK - P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JONATHAN PETRAK DEPUTY PUBLIC
    DEFENDER
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.
A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
  ARRAIGNMENT AND PLEA CONTINUED TO 082799.
BAIL SET AT NO BAIL.
WAIVES STATUTORY TIME.
  NEXT SCHEDULED EVENT:

CASE NO. LA033959
DEF NO.  01

PAGE NO.   2
DATE PRINTED 02/23/11 ←

08/27/99  830 AM  ARRAIGNMENT AND PLEA  DIST VAN NUYS COURTHOUSE DIV  100

CUSTODY STATUS: REMANDED TO CUSTODY

ON 08/27/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  100  ←

CASE CALLED FOR ARRAIGNMENT AND PLEA X
PARTIES: LELAND B. HARRIS (JUDGE) GENE BROWNE  (CLERK)
         VIRGINIA HEITZ  (REP)    SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOHN P. PONIST DEPUTY PUBLIC
   DEFENDER
DEFENDANT WAIVES FURTHER ARRAIGNMENT.
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 187(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 02, 209(B)(1) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 03, 209.5(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 04, 211 PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 05, 459 PC.

DEFENDANT PLEADS NOT GUILTY TO COUNT 06, 215(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 07, 2800.3 VC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 08, 215(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 09, 211 PC.
DEFENDANT DENIES PRIOR CONVICTION ON COUNT 01 FOR CASE .
DEFENDANT DENIES PRIOR CONVICTION ON COUNT 02 FOR CASE .
DEFENDANT DENIES PRIOR CONVICTION ON COUNT 03 FOR CASE .
DEFENDANT DENIES PRIOR CONVICTION ON COUNT 04 FOR CASE .
DEFENDANT DENIES PRIOR CONVICTION ON COUNT 05 FOR CASE .
DEFENDANT DENIES PRIOR CONVICTION ON COUNT 06 FOR CASE .
DEFENDANT DENIES PRIOR CONVICTION ON COUNT 07 FOR CASE .       *FABRICATION OF*
DEFENDANT DENIES PRIOR CONVICTION ON COUNT 08 FOR CASE .       *INTENTIONAL OMISSIONS:*
DEFENDANT DENIES PRIOR CONVICTION ON COUNT 09 FOR CASE .
   PRELIMINARY SETTING SET FOR 102799 IN DIVISION 120.      *Denial of PRO PER right Not mentioned.*
   BAIL SET AT NO BAIL.                                     *Penal C. Section 8956 breached.*
* WAIVES STATUTORY TIME. *
   NEXT SCHEDULED EVENT:
   10/27/99  830 AM  PRELIM SETTING/RESETTING   DIST VAN NUYS COURTHOUSE DIV  120

CUSTODY STATUS: REMANDED TO CUSTODY

ON 08/30/99 AT  900 AM :

   REPORTER'S TRANSCRIPT OF COURT PROCEEDINGS DATED AUGUST 27,1999
   HAVE BEEN RECIEVED AND FILED.        *Petitioner has been seeking a copy of*
   MATTER PREV SET/REMAIN ON CLDR       *the transcripts for over 13 years to date.*
                                        *Clerks and Reporter Fails to comply with Requests.*

ON 09/08/99 AT  830 AM :

   PUBLIC DEFENDER, JOHN PONIST, REQUESTS CASE BE PLACED ON
   CALENDAR FOR SEPTEMBER 9, 1999 AT 8:30 A.M. IN DIVISION 120
   FOR FURTHER PROCEEDINGS.
   NEXT SCHEDULED EVENT:
   09/09/99  830 AM  FURTHER PROCEEDINGS   DIST VAN NUYS COURTHOUSE DIV  120

ON 09/09/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  120

                         *XI .*

CASE NO. LA033959
DEF NO.  01

PAGE NO.  3
DATE PRINTED 02/23/11

CASE CALLED FOR FURTHER PROCEEDINGS
PARTIES: LESLIE A. DUNN (JUDGE)  GERALDINE PETTWAY  (CLERK)
              FRANCES MOXLEY       (REP)  JAMES R. BOZAJIAN  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY HENRY HALL ALTERNATE PUBLIC
  DEFENDER
* PUBLIC DEFENDER DECLARES CONFLICT.  ALTERNATE PUBLIC DEFENDER
  APPOINTED AS ATTORNEY OF RECORD.
  PUBLIC DEFENDER RELIEVED AS ATTORNEY OF RECORD.
  PRELIMINARY HEARING SETTING REMAINS SET FOR OCTOBER 27, 1999
  AT 8:30 A.M. IN DIVISION 120.
NEXT SCHEDULED EVENT:
PRELIM SETTING/RESETTING

*Failed to comply
with Request to
File a Petition
For Writ of Mandate
Per Penal c.§ 871.6.*

ON 09/13/99 AT  830 AM :

   ORDER REGARDING USE OF BOOT SIGNED AND FILED BY

   JUDGE LESLIE DUNN.


ON 10/27/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  120

CASE CALLED FOR PRELIM SETTING/RESETTING
PARTIES: LESLIE A. DUNN (JUDGE)  GERALDINE PETTWAY  (CLERK)
              VIRGINIA HEITZ       (REP)  SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY HENRY J HALL ALTERNATE PUBLIC
  DEFENDER
BAIL SET AT NO BAIL
  ON DEFENSE MOTION, CASE CONTINUED FOR PRELIMINARY HEARING
  IN DIVISION 120 AT 8:30 A.M. ON NOVEMBER 29, 1999.
  DEFENSE STIPULATES TO DAY 0 OF 10.
  BAIL REMAINS SET AT:  NO BAIL.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
  UPON MOTION OF DEFENDANT
  11/29/99   830 AM  PRELIMINARY HEARING   DIST VAN NUYS COURTHOUSE DIV  120
DAY 00 OF 10


CUSTODY STATUS: REMANDED TO CUSTODY


ON 11/29/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  120

CASE CALLED FOR PRELIMINARY HEARING
PARTIES: LESLIE A. DUNN (JUDGE)  DAVID JARKOFF  (CLERK)
              MICHELLE SABADO       (REP)  SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY HENRY J HALL ALTERNATE PUBLIC
  DEFENDER
  DEFENDANTS MOTION TO EXCLUDE WITNESSES.  GRANTED
  SWORN FOR PEOPLE:
  BARBIE MICHELLE RAWLINGS
  PEOPLES EXHIBITS:
    1-2PGS PHOTOS
    2-1PAGE PHOTO
  SWORN FOR PEOPLE:
  DAVID ABDALIAN

X I I.

CASE NO. LA033959                     PAGE NO.   4
DEF NO.  01                      DATE PRINTED 02/23/11

   KERRY SUPRENANT
   AMIT GANON
   PEOPLES EXHIBITS:
   3-PHOTO LINE-UP CARD
   4-COPY OF PHOTO LINE-UP CARD
   DEFENDANTS EXHIBITS:
   A-PHOTO LINE-UP CARD
   B-COPY OF LINE-UP CARD
   SWORN FOR PEOPLE:
   DANI YASHOUAFAR
   MARIA TERESA VAZQUEZ
   PEOPLES EXHIBITS:
   5-COPY OF PEOPLES #3
   6-COPY OF DEFENSE A
   SWORN FOR PEOPLE:
   ANDREW PURDY
   AT 4:30 PM CAUSE RECESSED TO 11/30/99 AT 0830 AM DIV. 120
   DEFENDANT REMANDED NO BAIL.

NEXT SCHEDULED EVENT:
  11/30/99   830 AM   PRELIMINARY HEARING    DIST VAN NUYS COURTHOUSE DIV  120

CUSTODY STATUS: REMANDED TO CUSTODY

ON 11/30/99 AT  830 AM  IN VAN NUYS COURTHOUSE DIV  120 ← PRE-LIM

CASE CALLED FOR PRELIMINARY HEARING
PARTIES: LESLIE A. DUNN (JUDGE)  GERALDINE PETTWAY  (CLERK)
          MICHELLE SABADO  (REP)    SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY HENRY J HALL ALTERNATE PUBLIC
   DEFENDER APPEARING BY LINDA WIEDER
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.
COUNT (01) : DISPOSITION: HELD TO ANSWER
COUNT (02) : DISPOSITION: HELD TO ANSWER
COUNT (03) : DISPOSITION: HELD TO ANSWER
COUNT (04) : DISPOSITION: HELD TO ANSWER
COUNT (05) : DISPOSITION: HELD TO ANSWER
COUNT (06) : DISPOSITION: HELD TO ANSWER
COUNT (07) : DISPOSITION: HELD TO ANSWER

COUNT (08) : DISPOSITION: HELD TO ANSWER
COUNT (09) : DISPOSITION: HELD TO ANSWER
   PRELIMINARY HEARING RESUMES.
   PEOPLE'S WITNESSES SWORN AND EXAMINED:  DAVID MACK,
   JOHN SORRENTINO, CONNIE LONDON AND OREN AFRIAT
   PEOPLE'S EXHIBITS FOR IDENTIFICATION ONLY:  7. XEROX COPY OF
   MAP; 8. PHOTO IDENTIFICATION REPORT ON FRONT AND XEROX COPY OF
   PHOTO DISPLAY FOLDER ON BACK; 9. PHOTO IDENTIFICATION REPORT ON
   FRONT AND XEROX COPY OF PHOTO DISPLAY FOLDER ON BACK;
   10. PHOTO IDENTIFICATION REPORT ON FRONT AND XEROX COPY OF
   PHOTO DISPLAY FOLDER ON BACK; 11. PHOTO IDENTIFICATION REPORT
   ON FRONT AND XEROX COY OF PHOTO DISPLAY FOLDER ON BACK.
   PEOPLE'S EXHIBITS RECEIVED INTO EVIDENCE #1, 2, 4, 5, 6, 7,
   8, 9, 10 AND 11.
   PEOPLE'S EXHIBIT #3 RECEIVED INTO EVIDENCE BY REFERENCE ONLY.



                            XIII.

CASE NO. LA033959                              PAGE NO.  5
DEF NO.  01                                    DATE PRINTED 02/23/11

PEOPLE REST.

NO AFFIRMATIVE DEFENSE.  DEFENSE MOTION TO DISMISS ARGUED
AND DENIED.
DEFENSE'S EXHIBIT "B" RECEIVED INTO EVIDNECE.
DEFENSE'S EXHIBIT "A" RECEIVED INTO EVIDENCE BY REFERENCE ONLY.

DEFENDANT HELD TO ANSWER TO SUPERIOR COURT.
DEFENDANT ORDERED TO APPEAR IN SUPERIOR COURT AT 8:30 A.M.
IN DEPARTMENT NW"R" ON DECEMBER 14, 1999.

CASE CONTINUED FOR ARRAIGNMENT IN SUPERIOR COURT AT 8:30 A.M.
IN DEPARTMENT NW"R" ON DECEMBER 14, 1999.

DEFENDANT REFERRED TO PROBATION DEPARTMENT FOR A PRE-PLEA
REPORT.  DEFENSE ATTORNEY DOES NOT GIVE CONSENT FOR DEFENDANT
TO BE INTERVIEWED BY PROBATION DEPARTMENT.
PROBATION REFERRAL ISSUED.

*Henry J. Hall & Linda Wieder
failed to have complaint dismissed
as promised per Penal Code § 859b.
A conflict arose immediately!*

BAIL REMAINS SET AT:  NO BAIL.

FILE AND EXHIBITS SENT TO SUPERIOR COURT,
EXHIBIT RECEIPT ISSUED #1789283 AND 1789284.
BAIL SET AT NO BAIL.
NEXT SCHEDULED EVENT:
FELONY ARRAIGNMENT/PLEA, ON DECEMBER 14, 1999, IN SUPERIOR COURT OF LOS
ANGELES COUNTY, VAN NUYS COURTHOUSE, DIV NWR, AT  830 AM.

CUSTODY STATUS: REMANDED TO CUSTODY.

XIV.

IN THE SUPERIOR COURT OF NORTHWEST DISTRICT JUDICIAL DISTRICT,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
NO. LA033959                              PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.        CURRENT DATE 02/23/11
DEFENDANT 01:  KIRELL FRANCIS TAYLOR
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - WEST VALLEY AREA

BAIL: APPEARANCE   AMOUNT     DATE      RECEIPT OR  SURETY COMPANY    REGISTER
          DATE     OF BAIL   POSTED     BOND NO.                      NUMBER

CASE FILED ON 11/30/99.
INFORMATION FILED ON 12/14/99.
OFFENSE(S):
    COUNT 01: 187(A) PC FEL
    COUNT 02: 209(B)(1) PC FEL
    COUNT 03: 209.5(A) PC FEL
    COUNT 04: 211 PC FEL
    COUNT 05: 459 PC FEL
    COUNT 06: 215(A) PC FEL
    COUNT 07: 2800.3 VC FEL
    COUNT 08: 215(A) PC FEL

    COUNT 09: 211 PC FEL
COMMITTED ON OR ABOUT 02/08/99 IN THE COUNTY OF LOS ANGELES
NEXT SCHEDULED EVENT:
  12/14/99   830 AM  ARRAIGNMENT   DIST NORTHWEST DISTRICT DEPT NWR


ON 12/14/99 AT  830 AM   IN NORTHWEST DISTRICT DEPT NWR ← *ARRAIGNMENT IN SUPERIOR COURT ON INFORMATION.*

CASE CALLED FOR ARRAIGNMENT
PARTIES: MICHAEL HOFF (JUDGE)  JANE CASTLE  (CLERK)
              MARY E. FLEMING  (REP)    RICHARD F. WALMARK  (DA)
THE DEFENDANT FAILS TO APPEAR, WITH SUFFICIENT EXCUSE. (MISS-OUT) AND
   REPRESENTED BY HENRY J HALL ALTERNATE PUBLIC DEFENDER
   INFORMATION FILED.
   -NO BAIL BENCH WARRANT HELD TO 11-15-99 IN THIS DEPARTMENT.
    THE COURT FINDS GOOD CAUSE TO TRAIL ARRAIGNMENT TO DATE BELOW.

  SHERIFF TO ORDER OUT DEFENDANT FOR 12-15-99.
NEXT SCHEDULED EVENT:
  UPON MOTION OF COURT

12/15/99   830 AM  ARRAIGNMENT   DIST NORTHWEST DISTRICT DEPT NWR
NEXT SCHEDULED EVENT :
   BENCH WARRANT HOLD

CUSTODY STATUS: DEFENDANT REMANDED


ON 12/15/99 AT  830 AM   IN NORTHWEST DISTRICT DEPT NWR

CASE CALLED FOR ARRAIGNMENT
PARTIES: MICHAEL HOFF (JUDGE)  BYRON JUDGE  (CLERK)
              MARY E. FLEMING  (REP)    SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY HENRY J HALL ALTERNATE PUBLIC
   DEFENDER
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 187(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 02, 209(B)(1) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 03, 209.5(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 04, 211 PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 05, 459 PC.

XV.

CASE NO. LA033959
DEF NO.  01

PAGE NO.   2
DATE PRINTED 02/23/11

DEFENDANT PLEADS NOT GUILTY TO COUNT 06, 215(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 07, 2800.3 VC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 08, 215(A) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 09, 211 PC.
   COURT ORDERS AND FINDINGS:
   -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
   ALTERNATE PUBLIC DEFENDER LINDA WEIDER ALSO PRESENT ON BEHALF OF
   THE DEFENDANT.

   .THE DEFENDANT DENIES THE SPECIAL ALLEGATIONS AS ALLEGED IN THE
   INFORMATION.

   .CAUSE IS ORDERED CONTINUED FOR PRETRIAL CONFERENCE AND TRIAL
   SETTING TO THE DATE BELOW.

   .THE COURT REPORTER IS ORDERED TO PREPARE A DAILY TRANSCRIPT
   (ORIGINAL PLUS 2 COPIES) OF THESE PROCEEDINGS AT THE EXPENSE OF
   THE COUNTY OF LOS ANGELES.

NEXT SCHEDULED EVENT:
01/19/00   830 AM  PRETRIAL CONF/TRIAL SETTING   DIST NORTHWEST DISTRICT DEPT
NWR

CUSTODY STATUS: DEFENDANT REMANDED


ON 01/06/00 AT  830 AM :

   -ADVANCED FROM 1-19-00 FOR APD CONFLICT
NEXT SCHEDULED EVENT:
   01/10/00   830 AM  ADVANCEMENT   DIST NORTHWEST DISTRICT DEPT NWR


ON 01/10/00 AT  830 AM  IN NORTHWEST DISTRICT DEPT NWR

   CASE CALLED FOR ADVANCEMENT
   PARTIES: MICHAEL HOFF (JUDGE)  BYRON JUDGE  (CLERK)
            MARY E. FLEMING        (REP)  SHELLIE SAMUELS  (DA)
   DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY HENRY J HALL ALTERNATE PUBLIC

   DEFENDER
   ALTERNATE PUBLIC DEFENDERS OFFICE DECLARES A CONFLICT AND IS
   RELIEVED.

*Dispute For Failing to have Complaint Dismissed Pursuant to Penal C. § 859b.*

   BY ORDER OF THE SUPERVISING JUDGE OF THE CRIMINAL MASTER
   CALENDAR DEPARTMENT, THE CAUSE IS ORDERED TRANSFERRED AND
   CONTINUED FOR PRETRIAL CONFERENCE AND TRIAL SETTING TO THE
   DATE AND TIME INDICATED BELOW. THE PARTIES HAVE BEEN SO
   NOTIFIED THIS DATE.

   .PRETRIAL CONFERENCE DATE OF JANUARY 19, 2000 AT 8:30 A.M. IN
   DEPARTMENT NWR IS VACATED.

   .I.C.D.A. ATTORNEY JOE ORR, WHO IS UNAVAILABLE THIS DATE, IS
   CONTACTED BY THE CLERK VIA TELEPHONE AND IS DIRECTED TO


XVI.

CASE NO. LA033959                    PAGE NO.   3
DEF NO.  01                          DATE PRINTED 02/23/11

APPEAR AS INDICATED BELOW FOR APPOINTMENT ON THIS CASE.

THE COURT REPORTER IS ORDERED TO PREPARE A DAILY TRANSCRIPT
(ORIGINAL PLUS 2 COPIES) OF THESE PROCEEDINGS AT COUNTY EXPENSE.
COURT ORDERS AND FINDINGS:
-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  01/19/00   830 AM  PRETRIAL CONF/TRIAL SETTING   DIST NORTHWEST DISTRICT DEPT
     NWE


ON 01/19/00 AT  830 AM  IN NORTHWEST DISTRICT DEPT NWE

CASE CALLED FOR PRETRIAL CONF/TRIAL SETTING
PARTIES: SANDY R. KRIEGLER (JUDGE)  RENEE RODRIGUEZ  (CLERK)
              ALEXANDRIA FENNER     (REP)  SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY JOSEPH B. ORR BAR PANEL

ATTORNEY
COUNSEL APPOINTED PURSUANT TO 987.2 P.C.
  APPOINTMENT ORDER FOR JOSEPH B. ORR  IS SIGNED BY THE COURT AND
  FILED THIS DATE.(SPECIAL CIRCUMSTANCE CASE)-CONTRACT

THE COURT REPORTER IS ORDERED TO PREPARE A DAILY TRANSCRIPT
(ORIGINAL PLUS 3 COPIES) OF ALL PROCEEDINGS AT THE EXPENSE OF
THE COUNTY OF LOS ANGELES.

DEFENDANT'S ORAL REQUEST FOR PRO PER STATUS IS HELD AND
WITHDRAWN AT THIS TIME. ← *Not True!*
JANICE TAYLOR, DEFENDANT'S MOTHER, ADDRESSES THE COURT AS TO THE
DEFENDANT'S REQUEST FOR PRO PER STATUS. **Inconceivable Conduct.** *

*Pro Se Right Denied. Another reversible error per se.*

ON DEFENSE REQUEST, THE PRETRIAL CONFERENCE IS CONTINUED AS
NOTED BELOW.
COURT ORDERS AND FINDINGS:
-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:

  03/01/00   830 AM  PRETRIAL CONFERENCE   DIST NORTHWEST DISTRICT DEPT NWE

CUSTODY STATUS: DEFENDANT REMANDED


ON 03/01/00 AT  830 AM  IN NORTHWEST DISTRICT DEPT NWE

CASE CALLED FOR PRETRIAL CONFERENCE
PARTIES: SANDY R. KRIEGLER (JUDGE)  RENEE RODRIGUEZ  (CLERK)
              ELAINE ALAOGLU  (REP)     SHELLIE SAMUELS  (DA)
COURT APPOINTED COUNSEL PURSUANT TO 987.2 P.C. FORREST LATINER - B.P.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY FORREST LATINER BAR PANEL
ATTORNEY
  AMENDED INFORMATION FILED.
COURT ORDERS AND FINDINGS:
-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
JOSEPH ORR, BAR PANEL ATTORNEY, IS RELIEVED.

FIRST AMENDED INFORMATION IS FILED THIS DATE.  DEFENDANT IS


XVII.

CASE NO. LA033959
DEF NO.  01

PAGE NO.   5
DATE PRINTED 02/23/11

------------------------------------------------------------
NUNC PRO TUNC ORDER PREPARED ON 11-30-01 BY M P MCCULLOUGH
IT APPEARING TO THE COURT THAT THROUGH INADVERTENCE AND CLERICAL
ERROR THE MINUTE ORDER OF 3-27-00 DOES NOT PROPERLY REFLECT
THE PARTIES PRESENT ON THAT DATE. SAID ORDER IS CORRECTED,
NUNC PRO TUNC AS OF THAT DATE, AS FOLLOWS:

BY DELETING  "JOAN KOTELES (REP2)"
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
UPON MOTION OF DEFENDANT
05/16/00   830 AM   PRETRIAL CONF/TRIAL SETTING   DIST NORTHWEST DISTRICT DEPT
NWE


ON 04/04/00 AT  500 PM  IN NORTHWEST DISTRICT DEPT CLK


CASE CALLED FOR PACE CLAIM
PARTIES: NONE (JUDGE)  NONE  (CLERK)
              NONE    (REP)  NONE  (DDA)
DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
  DEC & ORD RE FEES DOCTOR T950652 $250.00 KAUSHAL SHARMA M.D.
NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED



ON 05/16/00 AT  830 AM  IN NORTHWEST DISTRICT DEPT NWE

CASE CALLED FOR PRETRIAL CONF/TRIAL SETTING
PARTIES: SANDY R. KRIEGLER (JUDGE)  RENEE RODRIGUEZ  (CLERK)
            JOAN KOTELES     (REP)  SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY FORREST LATINER BAR PANEL
  ATTORNEY
  PRETRIAL CONFERENCE/TRIAL SETTING IS CONTINUED AS NOTED BELOW.
  LAST DAY FOR TRIAL REMAINS AUGUST 14, 2000.
  COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.

NEXT SCHEDULED EVENT:
  07/05/00   830 AM  PRETRIAL CONF/TRIAL SETTING   DIST NORTHWEST DISTRICT DEPT
    NWE

CUSTODY STATUS: DEFENDANT REMANDED


ON 07/05/00 AT  830 AM  IN NORTHWEST DISTRICT DEPT NWE

CASE CALLED FOR PRETRIAL CONF/TRIAL SETTING
PARTIES: ANITA H. DYMANT (JUDGE)  KENNETH SIPERA  (CLERK)
              SUSAN FRIEDMAN    (REP)  SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY FORREST LATINER BAR PANEL
  ATTORNEY
  PRETRIAL CONFERENCE IS HELD.

  PRETRIAL CONFERENCE AND TRIAL SETTING IS SET AS NOTED BELOW AS
  0 OF 90.
  COURT ORDERS AND FINDINGS:

**XVIII.**

CASE NO. LA033959                               PAGE NO.  6
DEF NO. 01                                      DATE PRINTED 02/23/11

  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
  09/21/00   830 AM  PRETRIAL CONF/TRIAL SETTING    DIST NORTHWEST DISTRICT DEPT
    NWE


ON 07/13/00 AT  830 AM  IN NORTHWEST DISTRICT DEPT NWE

CASE CALLED FOR MISCELLANEOUS
PARTIES: MICHELLE R. ROSENBLATT (JUDGE)  HEDY EVANGELISTA  (CLERK)
              MICHELE OKEN       (REP)  SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY FORREST LATINER BAR PANEL
    ATTORNEY
MATTER IS ON CALENDAR PURSUANT TO THE DEFENDANT'S REQUEST TO
PROCEED IN PRO PER.

  THE DEFENDANT IS HANDED THRU HIS COUNSEL, A WAIVER OF RIGHT TO
A LAWYER.  SAID WAIVER IS SIGNED AND HANDED TO THE COURT.

  THE DEFENDANT IS EXAMINED BY THE COURT.

  THE MATTER IS CONTINUED TO THE DATE AS INDICATED BELOW FOR
THE DEFENDANT TO FURTHER CONSIDER THE COURT'S OFFER TO PROCEED
WITH HIS COUNSEL.
COURT ORDERS AND FINDINGS:
  -THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.
NEXT SCHEDULED EVENT:
  07/19/00   830 AM  PRETRIAL CONF/TRIAL SETTING    DIST NORTHWEST DISTRICT DEPT
    NWE

CUSTODY STATUS: DEFENDANT REMANDED


ON 07/19/00 AT  830 AM  IN NORTHWEST DISTRICT DEPT NWE

CASE CALLED FOR PRETRIAL CONF/TRIAL SETTING
PARTIES: MICHELLE R. ROSENBLATT (JUDGE)  HEDY EVANGELISTA  (CLERK)
              MICHELE OKEN       (REP)  SHELLIE SAMUELS  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY HIMSELF IN PRO PER
DEFENDANT'S MOTION TO PROCEED IN PROPRIA PERSONA IS FURTHER
HEARD, AND GRANTED.

  THE COURT, HAVING CONSIDERED THE TYPE AND NATURE OF THE CHARGES,
APPOINTS FORREST LATINER AS THE DEFENDANT'S ADVISORY COUNSEL.

  THE COURT ORDERS THE SHERIFF FOR PRO PER FUNDS AS FOLLOWS:
INDIGENT FUNDS AND SUPPLIES, FUNDS IN THE AMOUNT OF $20.00
AND LEGAL SUPPLIES IN THE FORM OF 1 PENCIL, 1 LEGAL TABLET,
4 SHEETS OF CARBON PAPER, 10 SHEETS OF TYPING PAPER, TO BE
GIVEN WEEKLY.  A COPY OF THIS MINUTE AND THE ORDER TO SHERIFF
FOR PRO PER FUNDS ARE SENT TO THE LEGAL SERGEANT, COUNTY JAIL,
THRU THE SHERIFF'S TRANSPORTATION UNIT.

*[handwritten annotation:]* Finally Granted the right of Self-representation after my practical Positions have been put at a disadvantage. See People v. Joseph (1983) 34 Cal. 3d 936, 948.

                    X IX .

# EXHIBIT "E"

Number of Pages 2 .

ONE NEWS ARTICLES
28th AUG. 1999

XX.

MAN DENIES GUILT IN FATAL KIDNAPPING; DNA TESTS MAY IDENTIFY...

Case 2:13-cv-06433-UA-RZ   Document 1-1   Filed 09/03/13   Page 47 of 81   Page ID #:51

# MAN DENIES GUILT IN FATAL KIDNAPPING; DNA TESTS MAY IDENTIFY ACCOMPLICE IN FEB. MURDER.

Ads by Google

Lookup Arrest Records?
Lookup Arrest Records On Anyone Right Now. Official Service
ArrestRecords.GovArrestRecords.com

•Free Criminal Records
Obtain Free Criminal Records On Anyone! Takes Only 2 Secs.
Criminal-Info.com/CriminalRecords

Criminal Background Check
Instant Criminal Background Check; Lawsuits-Property-More-Free Summary
Criminal.Background.Intelius.com

Link to this page

**EXHIBIT "E" 1 OF 2**

DATE: Aug. 28, 1999
Byline: Jesse Hiestand Staff Writer

A 23-year-old parolee pleaded innocent Friday to capital murder and other charges stemming from the robbery and kidnapping of a Woodland Hills telemarketer who died when carjackers crashed his Bentley.

Kirell Francis Taylor of Pacoima was arraigned in Van Nuys Municipal Court for allegedly murdering Christopher Rawlings, a 30-year-old telemarketer who was under federal investigation at the time of his death Feb. 8.

Taylor, also known as Kirell Francis Bettis and Taylorbettis, was being held without bail on charges that could bring the death penalty.

Taylor surprised Judge Lee Harris and attorneys by asking to be his own attorney. He also insisted that the preliminary hearing be held as soon as possible, which at the earliest would be 10 days after arraignment, according to state law.

Ads by Google

Black Demographics
Get Reports, Analysis & Forecasts on the Black Consumer
PackagedFacts.com/Blacks

Free.Sex Offender Report
Where do Sex Offenders live in Your Neighborhood? Find out in 60 secs!
NeighborhoodScan.com

``Let's dance,'' Taylor said.

The judge told Taylor to return to court Oct. 27 to set the date of the preliminary hearing.

``He wants to have an early chance to prove his innocence,'' Los Angeles County Deputy Public Defender John Ponist said after the hearing.

Ponist did not offer any details of Taylor's defense and said he has yet to receive the bulk of the evidence from prosecutors. Whether Taylor will represent himself in court remains unresolved, Ponist said.

Taylor is charged with nine counts including kidnapping, carjacking, robbery and murder with special circumstances, which is punishable by death.

XXI.

Authorities accuse Taylor and an accomplice of robbing Rawlings at his Woodland Hills home and then speeding away with Rawlings in the trunk of his own Bentley.

Rawlings, a Crespi High School football star and co-owner of a Woodland Hills clothing company, was thrown from the car and died from injuries suffered when the Bentley crashed into a light pole as police gave chase.

Prosecutors said they have a strong case against Taylor, including DNA evidence linking him to the crime.



"The defendant wants his day in court and that's understandable but his attorney needs time to get ready," said Los Angeles County Deputy District Attorney Shellie Samuels. *They all violated my right knowingly.*

Taylor was arrested July 13 while visiting his parole officer in connection with a prior robbery conviction.

Police have narrowed their search for the second suspect to two men already in jail on unrelated cases, said Detective Terrill West of the Los Angeles Police Department's West Valley Division.

As detectives continue to investigate the suspects, they are awaiting DNA test results that could link one of the men to the crash scene, West said.

"Once that is done through our lab we'll determine if we have the right guy or not," said West.

COPYRIGHT 1999 Daily News
No portion of this article can be reproduced without the express written permission from the copyright holder.
Copyright 1999, Gale Group. All rights reserved. Gale Group is a Thomson Corporation Company.

# EXHIBIT "E"
## 2 OF 2

**XXII.**

# EXIBIT "F"

Pages: 3

LETTER BY COURT REPORTERS BOARD
LETTER BY PLAINTIFF K. TAYLOR

XXIII.

NONE

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    GOVERNOR EDMUND G. BROWN JR.



# COURT REPORTERS BOARD
## OF CALIFORNIA
2535 Capitol Oaks Drive, Suite 230, Sacramento, CA 95833
Phone (916) 263-3660 / Toll Free: 1-877-327-5272
Fax (916) 263-3664 / www.courtreportersboard.ca.gov



May 17, 2013

Kirell Taylor, CDC No. T-35161,
Facility C, Building 4, Cell 201 Low
Kern Valley State Prison
3000 West Cecil Avenue
P.O. Box 5103
Delano, CA 93216

**RE:   TRANSCRIPT REQUEST**

Dear Mr. Taylor:

Thank you for your letter of May 8, 2013, wherein you requested a transcript of your hearings in the matter of People vs. Kirell Taylor (LA033959).

The Court Reporters Board is mandated to protect the consumers of the state by licensing, regulating, and disciplining court reporters (CSRs) in California. We also administer the Transcript Reimbursement Fund which reimburses CSRs for providing transcripts to indigent civil litigants. Please note, however, criminal matters are not eligible under the fund.

To obtain the transcripts in your hearing, please contact the court in which your matter was heard.

We hope you find this information helpful.

Sincerely,

Paula Bruning
Executive Analyst

XXIV.

KIRELL TAYLOR CDC# T-35161                    1 of 2
KERN VALLEY STATE PRISON
3000 WEST CECIL AVE.; P.O.BOX 5103
DELANO, CA 93216
C4-201 Low                                   May 8th, 2013

COURT REPORTERS BOARD OF CALIFORNIA
2535 CAPITOL OAKS DRIVE, Suite 230
SACRAMENTO, CA 95833

RE:  TRYING TO OBTAIN MY ARRAIGNMENT TRANSCRIPT FOR FREE FROM
     A COURT REPORTER SINCE THE DAY I WAS ARRAIGNED ON 08/27/1999

Dear Staff Representatives:

For almost 14-years I have been trying to get a free copy of a Reporter's Transcript that proves my criminal case was suppose to be DISMISSED. Why? Because I did not personally waive my RIGHT to a speedy Pre-lim examination in 10-days pursuant to Pen.C. Section 859b. The judge also DENIED my right to Self-representation during the arraignment hearing on 8/27/1999. I have a News paper article that proves I am not delusional about what I say to lawyers and mental health doctors. One doctor obtained the MINUTE ORDER of the Court for 8/27/1999 and the Minutes DOES NOT say I waived my Right to a Speedy Pre-Lim Exam, and it does NOT disclose my right to self-representation was DENIED. My Mother tried to purchase the RT in 2006 and the Court would Not sell it to her. But from DAY ONE I have tried to get attorneys to get the RT to no avail. Because I didn't have the news article the doctor said I was "delusional."

I just discovered that there is a COURT REPORTERS BOARD after all of these years. The Court Reporters Office does not respond to my letters and neither does the actual Court Reporter. Everybody knows my case should have been dismissed.

During Direct Appeal in 2002 my appointed attorney wouldn't raise the issue for me nor get me a copy of the RT. Rules of Court, rule 31(c)[Now 8.320(c)(1)] says the Reporter isn't required to prepare the RT on a "Not Guilty plea." Of course I pled "Not Guilty" and DEMANDED a speedy Pre-lim. In fact, the news article says I told the judge: "Let's Dance!" Well, I got so tired of bouncing in 2010-2011 and I finally tried to get the Court to give me a copy of the RT I have Never read or possessed, so that my substantial RIGHTS can be raised affecting my Liberty. The PETITION was denied.

                    1 of 2          XXV

May 8th, 2013                                        2 of 2

In order to demonstrate that I have been denied Justice, I want you to read a Petition online that's been filed with the Federal Court. The petition is solely about all that I've gone through to get a copy of the Reporter's Transcript.

WWW.cacd.uscourts.gov

2:12-cv-09087-MMM-RZ Kirell Taylor v. Michael D. Stainer

In My Notice of Appeal filed DEC. 24, 2012 I stated:

"I don't believe anyone in history of the United States has fought like myself to receive a free copy of a vital Reporter's transcript for over 13½ years to no avail. I thought the days of SLAVERY were over. Go figure!"

9th Circuit U.S. Court of Appeal Case No.: 13-55026. The 9th Circuit hasN't ruled whether they will grant me a Cert. of Appealability. I am NOT expecting the Court to GRANT me a COA.

Last Night (05/7/2013) I wrote attorney DEBRA OPRI.COM about the subject of this Letter. I told her I recently discovered there's a COURT REPORTERS BOARD OF CALIFORNIA. I told Ms. Opri that I would wait to hear from her before I wrote your agency. However, Ms. Opri is a high profile Famous Lawyer and I may Never hear from her.

VIRGINIA HEITZ was the Reporter on 8-27-1999, and on 8-30-1999 (in THE PEOPLE VS. KIRELL TAYLOR, Sup. Ct., County of Los Angeles, Case # LA033959) She filed a copy of the transcript with the Court.

I cannot understand why my attorneys (while I was in the Municipal Court) would not get me a copy of the RT and get my case dismissed? I begged them to do so. I am asking the board members to exercise all powers and jurisdiction to initiate proceedings to appoint counsel to me to review the subject matter of this letter and cause the Board to obtain a copy of the RT and petition the Superior Court to discharge me from prison for a violation of Penal Code, section 859b. Until then,

I declare under penalty of perjury under laws of California that the foregoing is true and correct.

May 8th, 2013.                    **XXVI.**                    Kirell Taylor

# APPENDIX

## COURT DECISIONS:

Court of Appeal; Acting Justice WILLHITE  03/21/2011

Pages: 5.

Superior Court; Judge PATRICIA M. SCHNEGG 02/03/2012

Pages: 4.

Court of Appeal; Acting Justice EPSTEIN  04/30/2012

Pages: 1.

In The Supreme Court of California 09/19/2012

Number of Pages Attached: 2.

U.S. District Court; Magistrate CAROLYN TURCHIN 12/29/2003

Pages: 6.

Number of Pages Attached: 18.

Filed 3/21/11  P. v. Taylor CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE, | B225883 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA033959) |
| v. | |
| KIRELL FRANCIS TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Martin Larry Herscovitz, Judge.  Dismissed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1.

On March 1, 2000, Kirell Francis Taylor was charged in an amended information with murder, burglary, robbery, carjacking, kidnapping, and other counts related to a February 1999 incident. He was convicted following a jury trial of numerous counts and sentenced to a term of life without parole plus 24 years and four months. (*People v. Taylor* (Aug. 29, 2002, B153903) [nonpub. opn.].) In his prior appeal, his sentence was modified, but the judgment was affirmed in all other respects. Appellant's claim in this appeal is that the superior court erred in denying his petition for writ of habeas corpus and his motion to set aside the complaint, orders, and judgment as void. There is no appeal from the denial of a habeas petition, and appellant's appeal from the denial of his motion to set aside the judgment is, in substance, an appeal from the denial of his habeas petition. Because the orders of the superior court are not appealable, we dismiss the appeal.

Appellant filed a petition for writ of habeas corpus on May 28, 2010, claiming that his right under Penal Code section 859b to a preliminary hearing within 10 court days of his arraignment was violated. The superior court denied appellant's petition, stating that "[a]n alleged denial of a speedy preliminary hearing is reviewable only by pretrial writ and prejudice must be shown. [Citations.]"

On the same date, appellant filed a motion to set aside the complaint, orders, and judgment as void, on the basis that the complaint filed on August 20, 1999 was not verified as required by Penal Code sections 806 and 859. The superior court denied the motion, reasoning that any defects in the complaint must be raised prior to the preliminary hearing, and that appellant did not allege any prejudice from the lack of verification. Appellant filed a timely notice of appeal from the orders denying his habeas petition and his motion to set aside the judgment.

After review of the record, appellant's court-appointed counsel filed an opening brief requesting this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441.

2.

On January 13, 2011, we advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. On January 25, 2011, appellant filed a supplemental brief, again raising the alleged deficiencies in his preliminary hearing and in the complaint. On January 28, 2011, appellant filed a request to have appointed counsel augment the record with the transcripts of the August 27, 1999 ~~preliminary~~ ARRAIGNMENT hearing, and a request for an evidentiary hearing regarding the motion to augment the record. On February 4, 2011, appellant filed a supplement to his January 25 supplemental brief, reiterating his claims regarding the preliminary hearing and raising issues regarding self-representation, a motion to suppress evidence, the destruction of evidence, and proceedings in federal court.

Counsel asserts in the *Wende* brief that the denial of the habeas petition and the denial of the motion to vacate the judgment are appealable orders within the meaning of Penal Code section 1237, subdivision (b). We disagree with counsel's assertion and conclude that neither order is appealable.

First, although the People may appeal the grant of a habeas petition, "[n]o appeal lies from an order denying a petition for writ of habeas corpus. [Citations.]" (*Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064; see Pen. Code, § 1506; Cal. Rules of Court, rule 8.388.) The appeal of the order denying appellant's habeas petition accordingly is not appealable.

Second, the denial of appellant's motion to set aside the complaint, orders, and judgment is not an appealable order. "'[A]n order ordinarily is not appealable when the appeal would merely bypass or duplicate appeal from the judgment itself.' [Citation.]" (*People v. Totari* (2002) 28 Cal.4th 876, 882.) The issue appellant raises regarding the August 1999 complaint clearly should have been raised in earlier proceedings. Although there is an exception to the general rule of nonappealability when the final judgment is void, the exception applies where the judgment is void for a "[f]undamental jurisdictional defect[]." (*People v. Thomas* (1959) 52 Cal.2d 521, 528; *People v. Totari, supra*, 28 Cal.4th at p. 882.) The exception does not apply here. Moreover, the denial

3,

of appellant's motion is, in essence, a denial of his habeas petition and as such is not appealable.

Even if we were to deem the orders appealable, appellant's habeas petition raised issues regarding his preliminary hearing. [*ARRAIGNMENT*] "In [*People v.*] *Pompa-Ortiz* [(1980)] 27 Cal.3d [519, 529], the Supreme Court held that illegalities in criminal preliminary hearings that are not 'jurisdictional in the fundamental sense' are not reversible per se on an appeal following the subsequent trial. Rather, such illegalities must be reviewed 'under the appropriate standard of prejudicial error and shall require reversal only if defendant can show that he was deprived of a fair trial or otherwise suffered prejudice as a result of the error at the preliminary examination.' [Citation.]" (*In re Ronje* (2009) 179 Cal.App.4th 509, 517.) [*Appellant is not actually complaining of an error at the Prelim.*]

Appellant has not alleged any prejudice that resulted from the alleged error. Penal Code section 859b "provides that with reference to in-custody defendants, the complaint must be dismissed if the preliminary examination is not held within 10 days of arraignment, except that the hearing may be continued with the consent of the defendant or if the prosecution establishes good cause for a continuance." (*People v. Standish* (2006) 38 Cal.4th 858, 866.) Appellant does not claim that the outcome of his case would have been different had the preliminary hearing been held within the requisite 10-day period. Moreover, we note that the preliminary [*ARRAIGNMENT*] hearing appellant challenges was held on August 27, 1999, but an amended information was filed on March 1, 2000. Appellant therefore cannot show prejudice from the failure to dismiss the original complaint. [*PRELIMINARY HEARING WAS HELD ON Nov. 29, 1999.*]

Appellant's claims regarding the denial of his motion to vacate the complaint, orders, and judgment also would fail, if the order were appealable. Penal Code section 960 provides that "[n]o accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits."

Appellant has not established any prejudice from the alleged deficiencies in the complaint.

The other issues raised in appellant's supplement to his supplemental brief regarding his right to self-representation, his motion to suppress evidence, and the destruction of evidence are not appealable because they would bypass or duplicate his initial appeal.  (See *People v. Totari, supra*, 28 Cal.4th at p. 882.)  We have no jurisdiction over his federal proceedings.

We have examined the entire record and are satisfied that no arguable issues exist, and that appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

                                                WILLHITE, Acting P. J.

We concur:

        MANELLA, J.

        SUZUKAWA, J.

OF ORIGINAL FILED.

Name: **KIRELL TAYLOR**

Address: **P.O. BOX 1906**

**TEHACHAPI, CA 93581**

**CALIFORNIA CORRECTIONAL INSTITUTION**

CDC or ID Number: **T-35161**

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 09 2012

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
CARMEN SORTILLON

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

(Court)

| | |
|---|---|
| **In re: KIRELL TAYLOR**<br>Petitioner<br><br>vs.<br><br>**M. D. STAINER, Warden (A)**<br>Respondent | PETITION FOR WRIT OF HABEAS CORPUS<br><br>**CRIMINAL No.:**<br>No. **LA033959**<br>(To be supplied by the Clerk of the Court) |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal and you are *not* represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.386 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

PETITION FOR WRIT OF HABEAS CORPUS

6.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2010]

Page 1 of 6

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

```
                          MINUTE ORDER
          SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES


DATE PRINTED: 02/09/12

--------------------------------------------------------------

CASE NO. LA033959

THE PEOPLE OF THE STATE OF CALIFORNIA
                      VS.
DEFENDANT 01:  KIRELL FRANCIS TAYLOR

--------------------------------------------------------------

INFORMATION FILED ON 12/14/99.

COUNT 01: 187(A) PC FEL
COUNT 02: 209(B)(1) PC FEL
COUNT 03: 209.5(A) PC FEL
COUNT 04: 211 PC FEL
COUNT 05: 459 PC FEL
COUNT 06: 215(A) PC FEL
COUNT 07: 2800.3 VC FEL
COUNT 08: 215(A) PC FEL
COUNT 09: 211 PC FEL


ON 02/03/12 AT  200 PM  IN CENTRAL DISTRICT DEPT 100

CASE CALLED FOR HABEAS CORPUS PETITION

PARTIES: PATRICIA M. SCHNEGG (JUDGE)  EDWIN HERNANDEZ  (CLERK)
         NONE     (REP)  NONE   (DDA)

DEFENDANT IS  NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

******************** NO LEGAL FILE. ********************

THE COURT HAS READ AND CONSIDERED THE PETITION FOR WRIT OF
HABEAS CORPUS FILED BY PETITIONER ON JANUARY 9, 2011.  THE
PETITIONER ALLEGES NUMEROUS ERRORS CONCERNING HIS 1999
ARRAIGNMENT AND PRELIMINARY HEARING.  THE PETITION IS DENIED.

THE PETITIONER HAS FILED NUMEROUS PRIOR HABEAS PETITIONS IN THIS
COURT AND THE COURT OF APPEAL SINCE HIS 2001 CONVICTION AND
SENTENCE.  MOST NOTABLY, THE PETITIONER FILED A HABEAS PETITION
IN THE SUPERIOR COURT ON MAY 28, 2010 RAISING NEARLY IDENTICAL
ISSUES TO THE CLAIMS RAISED IN THE INSTANT PETITION:  NAMELY
CLAIMS THAT HE WAS DENIED HIS RIGHT TO A SPEEDY PRELIMINARY
HEARING, THAT HE WAS DENIED HIS RIGHT TO SELF-REPRESENTATION,
THAT A MOTION TO SUPPRESS EVIDENCE WAS IMPROPERLY DENIED.  THE


                                   HABEAS CORPUS PETITION
                PAGE NO.   1       HEARING DATE: 02/03/12
```

7.

CASE NO. LA033959
DEF NO.  01
                                    DATE PRINTED 02/09/12

TRIAL COURT DENIED THAT PETITION ON THE MERITS.  THE PETITIONERS
SUBSEQUENTLY CHALLENGED THAT DECISION IN THE COURT OF APPEAL IN
CASE NO. B225883.  THE COURT OF APPEAL REJECTED HIS CHALLENGE ON
PROCEDURAL GROUNDS AND ON THE MERITS IN AN ORDER DATED
MARCH 21, 2011.  BECAUSE THE INSTANT PETITION CONSISTS ALMOST
ENTIRELY OF CLAIMS WHICH HAVE ALREADY BEEN CONSIDERED AND
REJECTED BY THE TRIAL COURT AND THE COURT OF APPEAL, THIS COURT
WILL NOT ENTERTAIN HIS SUCCESSIVE ATTEMPT TO RELITIGATE THOSE
ISSUES.  IN RE CLARK (1993) 5 CAL.4TH 750, 767.  TO THE EXTENT
THAT THE PETITIONER DID NOT RAISE ANY OF THE INSTANT CLAIMS IN
THOSE PRIOR PETITIONS, THE PETITIONER'S PIECEMEAL PRESENTATION
OF CLAIMS WHICH HE SHOULD HAVE PRESENTED IN A PRIOR COLLATERAL
ATTACK CONSTITUTES AN IMPERMISSIBLE ABUSE OF THE WRIT.  ID. AT

768.

FURTHERMORE, AS THE COURT OF APPEAL HELD CASE NO. B225883, THE
CLAIMS RAISED IN THE INSTANT PETITION SHOULD HAVE BEEN RAISED ON
APPEAL, AND HIS ATTEMPT TO LITIGATE THEM MORE THAN A DECADE
AFTER HIS CONVICTION AND SENTENCE WOULD IMPERMISSIBLY BYPASS OR
DUPLICATE HIS ORIGINAL APPEAL. THE INSTANT CLAIMS SHOULD HAVE
BEEN RAISED ON DIRECT APPEAL AND HE IS PROCEDURALLY DEFAULTED
FROM RAISING THEM YEARS LATER ON A COLLATERAL ATTACK.  SEE IN RE
DIXON (1953) 41 CAL.2D 756, 759; SEE ALSO IN RE WALTREUS (1965)
62 CAL.2D 218, 225 ["HABEAS CORPUS ORDINARILY CANNOT SERVE AS
A SECOND APPEAL"].  IN FAILING TO RAISE THOSE CLAIMS ON APPEAL,
HE DEFAULTED THEM.

FINALLY, THE PETITIONER ARGUES THAT IS ENTITLED TO FREE
TRANSCRIPTS OF HIS AUGUST 27, 1999 ARRAIGNMENT.  HE CONTENDS
THAT, ALTHOUGH HE SIGNED TO CERTIFY THAT HE RECEIVED ALL OF HIS
TRIAL TRANSCRIPTS ON APPEAL, THAT AN UNNAMED CORRECTIONAL
OFFICER INTENTIONALLY DESTROYED NUMEROUS PORTIONS OF HIS
TRANSCRIPTS IN FRONT OF HIS FACE AT THE TIME THEY WERE
DELIVERED.  CURIOUSLY, HE OFFERS NO EVIDENCE OF THIS EVENT OTHER

THAN HIS SELF-SERVING, UNSUBSTANTIATED ALLEGATIONS.  PERHAPS
EVEN MORE CURIOUSLY, THOUGH THE CORRECTIONAL OFFICER ALLEGEDLY
ONLY DESTROYED PORTIONS OF THE TRANSCRIPTS, THE CRITICAL
AUGUST 27, 1999 TRANSCRIPT WAS DESTROYED IN ITS ENTIRETY.

A DEFENDANT IS NOT ENTITLED TO FREE COPIES OF RECORDS AND
TRANSCRIPTS FOR THE PURPOSE OF SEARCHING THE RECORD FOR ERROR TO
PREPARE A COLLATERAL ATTACK ON THE JUDGMENT, BUT MUST SHOW A
SUBSTANTIAL RIGHT WHICH HE IS SEEKING TO ENFORCE AND EXPLAIN THE
DELAY IN SEEKING RELIEF.  PEOPLE V. SPARKS (1952) 112 CAL.APP.2D
120; PEOPLE V. HILL (1967) 67 CAL.2D 105; IN RE CLARK (1993) 5
CAL.4TH 750, 774-775.  BECAUSE THE PETITIONER'S CLAIMS ARE
PROCEDURALLY BARRED, HE CANNOT SHOW A SUBSTANTIAL RIGHT TO
ENFORCE, AND HE IS NOT ENTITLED TO FREE COPIES OF THE
AUGUST 27, 1999 TRANSCRIPT.  NONETHELESS, BECAUSE IT APPEARS

                                    HABEAS CORPUS PETITION
              PAGE NO.   2          HEARING DATE: 02/03/12

                        8.

CASE NO. LA033959
DEF NO.  01                                    DATE PRINTED 02/09/12

THAT THE PETITIONER HAS LOST HIS COPY OF THE TRANSCRIPT FROM
THAT PROCEEDING, HE IS FREE TO OBTAIN COPIES ON HIS OWN BY
CONTACTING THE COURT REPORTER AND PAYING THE STANDARD RATE FOR
SUCH COPIES. I never have read nor possessed a copy of the Reporter's Transcript.
Such "Arraignment" transcript allegedly was never part of the record on Appeal and
ACCORDINGLY, THE PETITION IS DENIED. Appellate Counsel did not move to get a copy. I

THE CLERK IS TO GIVE NOTICE. cannot enforce a substantial right without having

THE COURT ORDER IS SIGNED AND FILED THIS access to the transcript determinative of the issue.
                                               IN RE BIRCH (Cal.1973) 10 Cal.3d 314, 317;
A TRUE COPY OF THIS MINUTE ORDER IS SENT VIA U.S. MAIL TO THE Roberts v. LaVallee (1987)
FOLLOWING PARTIES:                                        389 U.S. 40, 42

KIRELL TAYLOR
T-35161
CALIFORNIA CORRECTIONAL INSTITUTION
P.O. BOX 1906
TEHACHAPI, CA 93581

OFFICE OF THE DISTRICT ATTORNEY
HABEAS CORPUS LITIGATION TEAM
BRENTFORD J. FERREIRA, DEPUTY DISTRICT ATTORNEY
320 WEST TEMPLE STREET, ROOM 540
LOS ANGELES, CA 90012

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS FULL, TRUE,
AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.
JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK OF THE SUPERIOR COURT OF
THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES.

ATTEST: 2/10/12    BY: _____ DEPUTY
                        V. TORRES

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

COURT OF APPEAL - SECOND DIST

**F I L E D**

APR 3 0 2012

JOSEPH A. LANE _____ Clerk

S. VEVERKA _____ Deputy Clerk

| | | |
|---|---|---|
| In re | ) | B 239502 |
| | ) | |
| KIRELL FRANCIS TAYLOR, | ) | (Super. Ct. No. LA033959) |
| | ) | |
| on Habeas Corpus. | ) | |
| | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |

THE COURT:*

The petition for writ habeas corpus has been read and considered.

The petition is denied for failure to demonstrate entitlement to the relief requested.

(See *People v. Duvall* (1995) 9 Cal.4th 464, 474-475; see also *In re Clark* (1993) 5 Cal.4th 750, 765, 770; *People v. Sparks* (1952) 112 Cal.App.2d 120, 121.)

_____   _____   _____
*EPSTEIN, P. J.                    WILLHITE, J.                    SUZUKAWA, J.

10.

MC-275

Name: KIRELL TAYLOR

Address: P.O. BOX 1906

TEHACHAPI, CA 93581

CDC or ID Number: T-35161

SUPREME COURT OF CALIFORNIA

SUPREME COURT
**FILED**

JUN 8  2012

Frederick K. Ohlrich Clerk

Deputy

_____
(Court)

Title 28 U.S.C. § 2241
PETITION FOR WRIT OF HABEAS CORPUS

| | |
|---|---|
| KIRELL TAYLOR, <br> Petitioner <br> vs. <br> M.D. STAINER, Warden <br> Respondent | No. **S203173** <br> (To be supplied by the Clerk of the Court) <br> JURISDICTION <br> See: ROBB v. CONNOLLY (1884) 111 U.S. 624 <br> 28 U.S.C. § 2241 (c) |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal and you are *not* represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

RECEIVED

MAY 29 2012

CLERK SUPREME COURT

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended] effective January 1, 2007. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Penal Code, § 1473 et seq.
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

S203173

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

---

In re KIRELL TAYLOR on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.   (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993) 5 Cal.4th 750, 767-769.)

SUPREME COURT
FILED

SEP 1 9 2012

Frank A. McGuire Clerk

Deputy

CANTIL-SAKAUYE

*Chief Justice*

12.

FILED
CLERK, U.S. DISTRICT COURT

DEC 2 9 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KIRELL FRANCIS TAYLOR,                    )    NO.   CV 03-6540-MMM(CT)
                                          )
              Petitioner,                 )    MAGISTRATE JUDGE'S
                                          )    REPORT AND RECOMMENDATION
         v.                               )    ON PETITION FOR
                                          )    WRIT OF HABEAS CORPUS BY A
CHERYL K. PLILER, Warden                  )    PERSON IN STATE CUSTODY
                                          )
              Respondent.                 )
                                          )

         This report and recommendation is submitted to the Honorable
Margaret M. Morrow, United States District Judge, pursuant to the
provisions of 28 U.S.C. § 636 and General Order of the United States
District Court for the Central District of California.  For the reasons
discussed below, it is recommended that the petition be DENIED AND
DISMISSED WITH PREJUDICE.

                         SUMMARY OF PROCEEDINGS

         On September 11, 2003, petitioner Kirell Francis Taylor
("petitioner"), in state custody and proceeding pro se, filed a federal
petition for a writ of habeas corpus ("federal petition").  On October
9, 2003, petitioner filed a first amended petition.  On December 3,
2003, respondent filed a return.  On December 26, 2003, petitioner filed
a traverse.

13.

EXHIBIT "D"
1 OF 6

1  search warrant was unlawful.  (First Amended Pet. at 12).  Petitioner

2  maintains that the warrant was unlawful because it was based on evidence

3  unlawfully obtained during the parole search and seizure.  (First

4  Amended Pet. at 12).  In ground two, petitioner alleges that his

5  conviction also was obtained by the use of evidence gained during an

6  unlawful arrest and that his arraignment on the underlying charges in

7  this case was unnecessarily delayed.  (First Amended Pet. at 5, 13-17).[4]

8  In support of his claims in grounds one and two, petitioner alleges

9  that he was taken into custody on a "trumped up" parole violation charge

10  on the unrelated robbery and then subsequently charged with resisting

11  arrest on that robbery following the confrontation in his parole

12  officer's office.  At the meeting in the parole officer's office,

13  permission was sought and received to draw petitioner's blood.  (RT N28-

14  29).  DNA evidence from the blood later implicated petitioner in the

15  crimes that are the subject of the underlying convictions in this

16  current petition.  More specifically, DNA evidence from petitioner's

17  blood was linked to the DNA in saliva found on one of the ski masks used

18  by the robbers in the underlying crimes.

19  Petitioner claims that he is entitled to have the DNA evidence

20  linking him to the underlying crimes in this case suppressed because the

21  parole violation charges in connection with the unrelated robbery on

22  which he was originally taken into custody were "trumped up."

23

24  [4]Although not entirely clear, it appears that petitioner was

25  arrested in the original information reflecting the underlying
   charges on this case on December 15, 1999.  (RT 845).  When cross

26  examining a police detective during trial, petitioner stated that
   he was arrested on the underlying charges in this case on the

27  date of his arraignment.  (RT 845).  The police detective
   testified that petitioner was booked and processed on the date of

28  petitioner's arraignment.  (RT 845).

14,       7



EXHIBIT "D"
2 OF 6

B.   Speed Trial (Ground 2)

While not entirely clear, petitioner appears to allege in ground two that his right to a speedy trial was violated. (First Amended Pet. at 16.)

The Sixth Amendment provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The United States Supreme Court has adopted a four-part test to determine speedy trial claims that balances: (1) the length of delay; (2) the reason for delay; (3) whether and how the petitioner asserted the speedy trial right; and (4) the prejudice to petitioner. See Barker v. Wingo, 407 U.S. 514, 530-33 (1972); see also Doggett v. United States, 505 U.S. 647, 651-52 (1992). Post-accusation delay is considered presumptively prejudicial as it approaches one year. Barker v. Wingo, 407 U.S. at 530; see also United States v. Sears, Roebuck & Co., 877 F.2d 734, 739 (9th Cir. 1989).

To trigger a speedy trial analysis under Barker, however, petitioner first "must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay," i.e., delay approaching one year, "since, by definition, [petitioner] cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." Doggett v. United States, 505 U.S. at 651-52. If petitioner makes this showing, the court then must consider the four Barker factors. Id. at 652.

*INCORRECT*

Here, petitioner initially was arraigned on December 15, 1999 on an information filed on December 14, 1999. (CT 71-78; RT D4). Petitioner's trial did not begin until September 12, 2001. (CT 546-47). However, beginning in January 2000, petitioner repeatedly and

15.   10

EXHIBIT "D"
3 of 6

1  expressly waived time for trial. Specifically, on January 19, 2000,

2  petitioner waived trial until March 30, 2000 plus thirty days. (RT B2-

3  B6). Although petitioner was represented by counsel at that time, the

4  trial court addressed petitioner and confirmed that petitioner was

5  waiving his right to a speedy trial:

> Trial Court: Do you waive and give up your right to a speedy trial until that date [March 1, 2000] plus thirty days?

6

7  Petitioner: Yes, sir, I waive that right.

8

9  (RT B6).

10  On March 1, 2000, petitioner indicated that he wanted to represent

11  himself. (RT C1-C3). That day, the trial court indicated that

12  petitioner would not be arraigned on an amended information until the

13  matter of whether petitioner would by represented by counsel or

14  represent himself was settled. (RT C9). On March 27, 2000, petitioner

15  was arraigned on the amended information. (RT D4-D6; CT 79-87).

16  On March 27, 2000, petitioner again waived time, this time until

17  May 16, 2000 plus ninety days. (RT D6-D7). On November 22, 2000,

18  petitioner again waived his right to a speedy trial, expressly agreeing

19  that his trial may begin within thirty days of January 9, 2001. (RT

20  K30-31). Petitioner again confirmed that he understood that he was

21  waiving his right to a speedy trial:

> The Court: Then you have a right to a speedy trial, do you understand that?

22

23

24  Petitioner: I understand. I waive that right, your honor.

25  (RT K30). Petitioner subsequently waived his right to a speedy trial on

26  December 21, 2000 (RT L9-L10); on March 9, 2001 (RT R34); on April 3,

27  2001 (RT T81); and, on July 18, 2001. (RT X19).

28  Although not entirely clear, it appears that petitioner was

16.  11

EXHIBIT "D"
4 of 6

1 arrested on the original information reflecting the underlying charges

2 in this case on December 15, 1999. (RT 845). However, even assuming

3 that petitioner was arrested in this case in August 1999, which this

4 court does not, petitioner's complained-of delay is only a few months,

5 i.e., August 1999 to January 2000 when petitioner began expressly

6 waiving his right to a speedy trial. Because petitioner's complained-of

7 delay is measured in months and is less than one year, the delay is not

8 presumptively prejudicial. See Barker v. Wingo, 407 U.S. at 530 (post-

9 accusation delay is considered presumptively prejudicial as it

10 approaches one year). Accordingly, the Barker analysis arguably does

11 not apply. Doggett v. United States, 505 U.S. at 651-52.

12     Nonetheless, even considering the four Barker factors, petitioner's

13 speedy trial claim fails. First, as discussed above, petitioner

14 repeatedly and expressly waived his right to a speedy trial. (See RT

15 B2-B6, D6-D7, K30-31, L9-L10, R34, T81, X19). Second, petitioner never

16 made any objection to any of the continuances based on his right to a

17 speedy trial. Third, petitioner has failed to show how he was

18 prejudiced by the delay. Habeas relief is unwarranted on this ground.

19 C.   **Exculpatory Evidence** (Ground 3)

20     Petitioner contends that a videotape of an interview between

21 petitioner and Officer Mena of the Hawthorne Police Department was

22 destroyed and would have shown that evidence was planted. (First

23 Amended Pet. at 6). Petitioner alleges that the videotape was

24 intentionally destroyed and that he was framed by the Los Angeles Police

25 Department ("LAPD").

26     On or about July 14, 1999, Officer Mena interviewed petitioner at

27 the Hawthorne police station regarding an unrelated Hawthorne robbery.

28 (RT 14, 23-24). The interview was videotaped. (RT 23). On November

EXHIBIT "D"
5 of 6

1  Court.  As a result, habeas corpus relief is not warranted.

2  **RECOMMENDATION**

3       In accordance with the foregoing, it is recommended that the court

4  issue an order: (1) accepting this report and recommendation; and (2)

5  directing that judgment be entered denying and dismissing the petition

6  with prejudice.

7       DATED: 12/29/03

8                                        _Carolyn Turchin_
                                         _____

9                                        CAROLYN TURCHIN
                                         UNITED STATES MAGISTRATE JUDGE

10

11  <u>NOTICE</u>
    Reports and Recommendations are not appealable to the Court of

12  Appeals, but may be subject to the right of any party to file
    objections as provided in the Local Rules Governing the Duties of

13  Magistrates and review by the District Judge whose initials appear in
    the docket number.  No notice of appeal pursuant to the Federal Rules

14  of Appellate Procedure should be filed until entry of judgment of the
    District Court.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "D"**
6 OF 6

18    17

# ADDENDUM

## HEALTH CARE SERVICES REQUEST FORM

Number of Pages: <u>1</u>.

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I:  TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:   MEDICAL ☒   MENTAL HEALTH ☐   DENTAL ☐   MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| K. TAYLOR | T-35161 | C-4  201 Low |

| PATIENT SIGNATURE | DATE |
|---|---|
| K. Taylor | 7-6-13 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)  I HAVE A DAMAGED LEFT LUNG DUE TO A GUN SHOT WOUND IN MAY 1997 DUE TO SPORES IN THE SOIL I FACE IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AND/OR DEATH IF I CATCH VALLEY FEVER. I AM REQUESTING TO BE TRANSFERRED PURSUANT TO THE COURT'S INJUNCTION ON JUNE 26, 2013 AS AN AFRICAN-AMERICAN I SHOULD NOT INHALE THE SPORES IN THE SOIL.

*NOTE:  IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)      Original - Unit Health Record      Yellow - Inmate (if copayment applicable)      Pink - Inmate Trust Office (if copayment applicable)      Gold - Inmate

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:   MEDICAL ☒   MENTAL HEALTH ☐   DENTAL ☐   MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| K. TAYLOR | T-35161 | C-4  201 Low |

| PATIENT SIGNATURE | DATE |
|---|---|
| K. Taylor | 7-6-13 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem)   I HAVE A DAMAGED LEFT LUNG DUE TO A GUN SHOT WOUND IN MAY 1997 DUE TO SPORES IN THE SOIL I FACE IMMINENT DANGER OF SERIOUS PHYSICAL INJURY AND/OR DEATH IF I CATCH VALLEY FEVER. I AM REQUESTING TO BE TRANSFERRED PURSUANT TO THE COURT'S INJUNCTION ON JUNE 26, 2013 AS AN AFRICAN-AMERICAN I SHOULD NOT INHALE THE SPORES IN THE SOIL.

NOTE:  IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM

## PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

FROM

KIRELL TAYLOR T-35161
3000 WEST CECIL AVE
DELANO, CA 93216
C4-201

North Valley State Prison
Facility C, Building 4



CENTRAL DISTRICT OF CALIFORNIA
FILED
AUG 28 2013
CLERK, U.S. DISTRICT COURT



U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
312 N. SPRING STREET # G-8
LOS ANGELES, CA 90012-4793

ENCLOSURE: PETITION/COMPLAINT,
MOTION IN SUPPORT OF DECLARATION TO PROCEED IN FORMA PAUPERIS,
UNDERTAKING IN LIEU OF PROCEEDING IN FORMA PAUPERIS
SELF ADDRESSED STAMPED ENVELOPE WITH COVER PAGES TO BE CONFORMED.



ORIGINAL

1 KIRELL TAYLOR CDC# T-35161
  KERN VALLEY STATE PRISON
2 3000 WEST CECIL AVENUE
  DELANO, CA 93216
3 C4-201 Low

4        UNITED STATES DISTRICT COURT

5        CENTRAL DISTRICT OF CALIFORNIA

6 KIRELL TAYLOR,                    ] CIV. CASE NO.: CV13 - 6433 (RZ)
7        Plaintiff,                 ] MOTION IN SUPPORT OF
                                    ] DECLARATION TO PROCEED
8 VS.                               ] IN FORMA PAUPERIS
                                    ] BASED ON AN IMMINENT
9 COURT REPORTERS BOARD OF          ] DANGER PURSUANT TO
10 CALIFORNIA, et al.,              ] 28 U.S.C. SECTION 1915(g)
                                    ] REQUEST TO
11       Defendants.               ] TAKE JUDICIAL NOTICE

LODGED
CLERK, U.S. DISTRICT COURT
AUG 28 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
SEP 3 - 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

13      I, KIRELL TAYLOR, request to proceed without being required
14 to prepay filing fees. I state that because of being a Negro imprisoned
15 in Central Valley California, County of Kern, I am "under imminent
16 danger of serious physical injury" due to my respiratory system
17 being exposed to the deadly disease known as "Valley Fever." On
18 June 26, 2013, the PBS News station and local news programs in
19 the Central Valley airred "the Court" ordered the Department of
20 Corrections to rehouse 3000 inmates within 90-days, particularily African-
21 American, in light of 18-inmate deaths, in 2-years, from Valley Fever."

22      I have meritorious claims to litigate and I have one damaged
23 left lung due to a gun shot wound to the chest in May 1997. On June
24 18, 2013, I was perscribed an Antihistamine. Pursuant to 28 U.S.C. §
25 1915(g), may I please proceed with this action due to the aforesaid? See
26 http://latino.foxnews.com/health/2013/04/24/valley-fever-spurs-call-to-close-2...
27 DATED: June 27, 2013                    Kirell Taylor
                                    KIRELL TAYLOR, PRO SE

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

KIRELL TAYLOR CDC No.:T-35161          ORIGINAL
KERN VALLEY STATE PRISON
3000 WEST CECIL AVENUE
DELANO, CA 93216



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

KIRELL TAYLOR,

    Plaintiff,

VS.

              Defendant(s).

Case CV13- 6433 (RZ)

UNDERTAKING AND REQUEST
TO TAKE JUDICIAL NOTICE
OF UNDERTAKING IN LIEU
OF PROCEEDING IN FORMA
PAUPERIS PURSUANT TO FEDERAL
RULES OF EVIDENCE, Rule 201

## Recitals

1. The above-named plaintiff has commenced an action in the above-entitled Court (obligee) against defendant and has made application to the court for orders to be issued against the defendant, enjoining the defendant and/or defendant's agents and employees, to pay a certain sum to plaintiff, as particularily set forth and described in the complaint, and

2. The plaintiff desires to abide by the terms governing the method of payment as provided in House Joint Resolution 192, June 5, 1933, and plaintiff desires to give an undertaking in an amount deemed proper by the court, that is, $600.00, to secure the payment of the court's filing fee and any costs incurred, including reasonable United States Marshal's fee for service of process, among other things, to be fixed by the court that may be incurred by plaintiff.

## Promise to Pay

The undersigned plaintiff obligates himself to the above-entitled Court that is deemed an "obligee" as provided by HJR-192 as aforesaid and recodified in Title 31 U.S.C. Section 5118, subdivisions (a) and (d), in the sum of $600.00 (to be set by the Court).

UNDERTAKING                                        1 OF 3

WHEREAS if the court ultimately endeavors to "require" the plaintiff to tender immediate payment on the "obligation", the plaintiff moves the Court (obligee) to take Judicial Notice of the fact that by virtue of the plaintiff being a state prisoner, he is presently barred from having the CALIFORNIA DEPARTMENT OF CORRECTIONS forward or transmit to the OFFICE OF THE CLERK any of the particular forms of currency the plaintiff "wishes" to use to discharge his debt with the court, because the plaintiff is not authorized to receive (1) gold; (2) silver; (3) United States money measured in gold; (4) cash, i.e., Federal Reserve Notes; (5) Travelers Checks; or (6) Foreign currency. See Title 15, Section 3140, subdivisions (a) (4) and (e), California Code of Regulations. Plaintiff does not wish to tender payment with a personal check; money order; nor bill of exchange; or an institutional check processed by the INMATE TRUST OFFICE.

NOW, THEREFORE, the undersigned plaintiff hereby obligates himself to the above-entitled court under the statutory and decisional provisions governing "gold clauses", in the amount of money ordered by the court (obligee) and to be discharged from plaintiff's money judgment entered in the above-entitled action against defendant and/or from money sanctions awarded to plaintiff in this action or from a money settlement entered into between the Plaintiff and Defendant in this action, in light of the plaintiff only desiring to make payment to the court with gold, silver, United States money measured in gold, cash, a Travelers Check, or a particular form of Foreign currency.

The undersigned stipulates that this undertaking is based on the following public policy:

GUARANTY TRUST V. HENWOOD, 307 U.S. 247, 251 (1939) "Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That every provision contained in or made with respect to any obligation which purports to give the obligee a right to REQUIRE payment in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby, is declared to be against public policy; and no such provision shall be contained in or made with respect to any obligation hereafter incurred. Every obligation, heretofore or hereafter incurred, whether or not any such provision is contained therein or made with respect thereto, shall be discharged upon payment, dollar for dollar, in any coin or currency which at the time of payment is legal tender for public and private debts."

UNDERTAKING

2 of 3

· Title 31 U.S.C. Section 5118 (a)(1) provides, "In this section — "gold clause" means a provision in or related to an obligation alleging to give the OBLIGEE a right to REQUIRE payment in — (A) gold; (B) a particular United States coin or currency; or (C) United States money measured in gold or a particular United States coin or currency." Subdivision (d)(2) provides: "An obligation issued containing a gold clause or governed by a gold clause is discharged on payment (dollar for dollar) in United States coin or currency that is legal tender at the time of payment. This paragraph does not apply to an obligation issued after October 27, 1977," that is, the 1977 Amendment.

"Contrary to the view taken by the bank, the reference by Senator Helms to the intent to "stand neutral with regard to the enforceability of gold clause obligations issued in the past" does not defeat Wells Fargo's application of the law of novation. The 1977 amendment stands neutral in that it does NOT specifically repeal the 1933 Joint Resolution, as a previously introduced but unpassed version of Senator Helms's bill would have done." WELLS FARGO BANK v. BANK OF AMERICA, (Feb. 1995) 32 Cal. App. 4th 424.

The Nineth Circuit U.S. Court of Appeals held in Footnote 1 in ADAMS v. BURLINGTON NORTHERN R. CO., 80 F. 3d 1377 (1996) "The 1933 statute (HJR-192) and the 1977 amendant were equally clear as separately enacted; the 1982 recodification was not intended to effect any substantive changes. ...Burlington Northern debts are discharged in gold, if it wishes to use gold. Section 5118 of 31 U.S.C. says so."

The above-named plaintiff "wishes" to pay the above-entitled court with one of the six foregoing methods of payment, or in the alternative from the money awarded to plaintiff in the above-action. Plaintiff is NOT requesting to proceed in forma pauperis. Executed on this __8th__ day of __JULY__ , 2013.

By: ___Kirell Taylor___
      KIRELL TAYLOR, Pro Se


APPROVED: _____ , 2013.

      _____ , Clerk, United States District Court


UNDERTAKING                                                    3 OF 3

1 KIRELL TAYLOR CDC# T-35161
  KERN VALLEY STATE PRISON
2 3000 WEST CECIL AVENUE
  DELANO, CA 93216
3 C4-201Low



4      UNITED STATES DISTRICT COURT
5        CENTRAL DISTRICT OF CALIFORNIA
6  KIRELL TAYLOR,                    ) CIV. CASE NO.: CV13 - 6433 (RZ)
7        Plaintiff,                  ) MOTION IN SUPPORT OF
                                     ) DECLARATION TO PROCEED
8  VS.                               ) IN FORMA PAUPERIS
                                     ) BASED ON AN IMMINENT
9  COURT REPORTERS BOARD OF          ) DANGER PURSUANT TO
10 CALIFORNIA, et al.,               ) 28 U.S.C. SECTION 1915(g)
                                     )    REQUEST TO
11        Defendants.                ) TAKE JUDICIAL NOTICE

         I, KIRELL TAYLOR, request to proceed without being required
to prepay filing fees. I state that because of being a Negro imprisoned
in Central Valley California, County of Kern, I am "under imminent
danger of serious physical injury" due to my respiratory system
being exposed to the deadly disease known as "Valley Fever." On
18 June 26, 2013, the PBS News station and local news programs in
19 the Central Valley airred "the Court" ordered the Department of
20 Corrections to rehouse 3000 inmates within 90-days, particularily African
21 American, in light of 18-inmate deaths, in 2-years, from "Valley Fever."

22       I have meritorious claims to litigate and I have one damaged
23 left lung due to a gun shot wound to the chest in May 1997. On June
24 18, 2013, I was perscribed an Antihistamine. Pursuant to 28 U.S.C. §
25 1915(g), may I please proceed with this action due to the aforesaid? See
26 http://latino.foxnews.com/health/2013/04/24/valley-fever-spurs-call-to-close-2...
27 DATED: June 27, 2013                    Kirell Taylor
                                          KIRELL TAYLOR, PRO SE